F. J. HAYWOOD *v.* J. F. HUTCHINS, Ex'r. of JOHN HUTCHINS, deceased.

Where a Physician had an account running through a period of many years against A for medical services rendered, whilst the latter had an account against the Physician for agricultural products furnished him at various times, and these transactions had no business connection with each other, but were entirely independent, and mere matters of set off: *Held,* that a bill in equity could not be sustained for an account and settlement of the demands existing between the parties.

*McLin* v. *McNamara,* 2 D. &. B. Eq. 82, cited and approved.

Bill in Equity, transferred from the Court in Equity of WAKE County, at Spring Term, 1868.

The complainant alleges in his bill that he has an account against the defendant's testator, John Hutchins, for medical services rendered, commencing in the year 1834, and ending in February, 1863, amounting to the sum of eleven hundred and forty-eight dollars and seventy cents. That the testator died in 1863, and at the time thereof, was entitled to several credits amounting to about two hundred and fifty dollars, which the testator had paid on said account.

The Bill further alleges, that the testator in his life time had an account current against the complainant, for hay and other agricultural products, running through a period of many years, the amount and particulars whereof, the complainant is ignorant. The said account current never having been rendered unto him by the testator in his life time, nor by the defendant, his executor, since his death. That the defendant is the executor of the said John Hutchins, and received as such a large amount of personalty more than sufficient to pay off and discharge all the indebtedness of his testator.

The prayer of the bill is, that an account may be decreed to be taken, and the balance due from the testator to the complainant in respect of his said demand may be ascertained; and

that the defendant may be required to admit assets of his testator to an amount sufficient for the payment of complainant's said demand, and in the event of the failure of the said defendant so to do, that an account may be taken of the assets which may, or ought to have come into the hands of the defendant, &c.

The defendant filed a demurrer to the bill of the complainant, when by consent of the parties, the cause was transferred to this Court for trial.

*Fowle & Badger* and *Haywood,* for complainant.
*Bragg & Strong,* for defendant.

DICK, J. The jurisdiction of Courts of Equity in matters of account, is assumed where the Courts of law cannot conveniently ascertain and adequately administer the rights of the parties. It is ordinarily exercised where the defendant occupies such a position or relation as requires him to keep and render an account to the plaintiff; and also where there are mutual dealings between the parties, not constituting mere matters of set off, but requiring, in order to ascertain the balance, a more complicated account, than can practically be taken at law. Adams' Equity, 222.

In our case, the plaintiff as a physician, rendered professional services to the testator of the defendant, for a long series of years, and received at various times, partial payments, which were duly credited; and there was no difficulty in striking a proper balance.

The defendant's testator was a farmer, and at various times furnished agricultural products to the plaintiff at the market prices. There was no agreement between the parties that their cross demands should constitute items of account, and the claims of the one should be in satisfaction *pro tanto* of the other. These transactions had no business connection with each other, but were entirely independent, and constituted

mere matters of set off, which could be easily ascertained and adjusted in a Court of law.

In *McLin* v. *McNamara*, 2 Dev. &. Bat. Eq., 82, the transaction between the parties consisted of a continuous course of dealing in the way of trade and merchandize, and created mutual and dependent demands.

There was no necessity for the plaintiff in this case, to resort to the extraordinary jurisdiction of a Court of Equity, as his remedy at law was plain and adequate.

The bill must be dismissed.