## A. R. KEITH v. D. S. SILVIA.

(Filed 8 October, 1952.)

**1. Appeal and Error § 14—**

An appeal deprives the Superior Court of jurisdiction of all matters involved in the appeal from the time the appeal is taken to the time the decision of the Supreme Court is certified to the Superior Court.

**2. Reference § 9—**

Where motion to remove the referee is made prior to the time his report is filed, and an appeal is taken from the granting of the motion, the Superior Court, upon the certification of the decision of the Supreme Court reversing the judgment, has discretionary power to allow the filing of exceptions to the report, even though the report was filed prior to the hearing of the motion for removal. G.S. 1-194.

APPEAL by defendant from *Gwyn, J.,* May-June Term, 1952, HENDERSON.

Civil action to recover rent under a lease contract.

This case was here at the Spring Term, 1951, upon an appeal from an order discharging the referee, and is reported in 233 N.C. 328, 64 S.E. 2d 178, where the facts are fully stated and the law applicable to that appeal fully discussed. The order was reversed and the case remanded. One of

the reasons assigned for the reversal was that the referee's report was not before the court for consideration at the time the order was made. The opinion of this Court was certified to the Superior Court of Henderson County on 2 April, 1951, and on the same date, the plaintiff filed exceptions to the referee's report.

At the April-May Term, 1952, of the Superior Court of Henderson County, an order was made and entered holding that the plaintiff's exceptions to the referee's report were filed within time and recited that if it should be held otherwise, then the court within the exercise of its discretion allowed plaintiff's exceptions to be filed *nunc pro tunc*.

At the June Term, 1952, upon plaintiff's exceptions treated as a motion to set aside the referee's report, the court made an order sustaining the plaintiff's exceptions and setting aside the referee's report and retaining the cause for further orders. In the same order, the court overruled the defendant's motion for a confirmation of the referee's report.

To the order of Judge Gwyn allowing plaintiff to file exceptions to the referee's report, the order overruling defendant's motion to confirm the report, and the order setting aside the referee's report and retaining the cause for further orders, the defendant excepted and appealed, assigning errors.

*J. E. Shipman and Kellum & Humphrey for defendant, appellant.*
*L. B. Prince and Isaac C. Wright for plaintiff, appellee.*

VALENTINE, J. Conceding without deciding that the defendant's appeal is not premature and fragmentary, we proceed to a discussion of the other question presented by this appeal. Were plaintiff's exceptions to the referee's report properly filed?

When an appeal is certified to this Court, the Superior Court loses jurisdiction of all matters involved in the appeal until action is taken here and the opinion of this Court is certified back to the Superior Court. *Hoke v. Greyhound Corp.,* 227 N.C. 374, 42 S.E. 2d 407; *Manufacturing Co. v. Arnold,* 228 N.C. 375, 45 S.E. 2d 577; *In re Puett's Will,* 229 N.C. 8, 47 S.E. 2d 488; *Harris v. Fairley,* 232 N.C. 555, 61 S.E. 2d 619; *Bailey v. McPherson,* 233 N.C. 231, 63 S.E. 2d 559; *Green v. Ins. Co.,* 233 N.C. 321, 64 S.E. 2d 162.

At the time of the making of the order from which the first appeal arose, the report of the referee was not before the court for consideration and therefore no exception could have been filed at that time. When the opinion of this Court was certified on 2 April, 1951, the Superior Court of Henderson County for the first time since the former appeal acquired jurisdiction so that exceptions could be properly filed. In any event, the presiding judge had a right in the exercise of his discretion to permit the

filing of the exceptions *nunc pro tunc.* *Cheshire v. First Presbyterian Church,* 221 N.C. 205, 19 S.E. 2d 855.

Under G.S. 1-194, a judge of the Superior Court has a wide latitude of discretion over the report of a referee, with power to review, modify, confirm in whole or in part, or to set aside the report. *Cummings v. Swepson,* 124 N.C. 579, 32 S.E. 966; *Dumas v. Morrison,* 175 N.C. 431, 95 S.E. 775; *Keith v. Silvia,* 233 N.C. 328, 64 S.E. 2d 178.

There is no evidence of an abuse of discretion by the court below. We, therefore, conclude that the order from which the appeal was taken must be affirmed and the case is remanded for proper proceedings according to the course and practice of the court.

Affirmed.