J. H. PARTICK AND WACHOVIA BANK AND TRUST COMPANY, EXECUTORS OF THE WILL OF P. P. GREGORY, DECEASED v. JOE L. HURDLE

No. 691SC404

(Filed 17 December 1969)

1. **Appeal and Error § 16—    lower court — jurisdiction pending appeal — interlocutory order**

    An appeal from an appealable interlocutory order carries the interlocutory order and all questions incident to and necessarily involved therein to the appellate division, and the appeal stays all further proceedings in the trial court upon the order appealed from, or upon the matters embraced therein.

2. **Appeal and Error § 16—    appeal from interlocutory order — jurisdiction of lower court pending appeal**

    Where there was an appeal to the Court of Appeals from an order of the superior court of one county removing the case to the superior court of another county, the superior court of the latter county was *functus officio* to try the case pending appeal, and consequently the trial, the verdict, and the judgment of the latter court were nullities.

APPEAL by defendant from *Parker (Joseph W.), J.,* 12 May 1969 Session, PASQUOTANK Superior Court.

This action was instituted on 7 April 1967 in Currituck County.

On 28 February 1969 plaintiffs filed a motion for a change of venue. The motion for change of venue was heard by Judge Parker on 20 March 1969, at which time he entered an order removing the case from Currituck County to Pasquotank County for trial. Additionally, the order of removal directed that the case be calendared for trial at the May 1969 Session of Pasquotank Superior Court. Defendant excepted to the order removing the case to Pasquotank County, and gave notice of appeal therefrom.

The appeal was properly perfected and by opinion of this Court filed on 27 August 1969 (*Patrick v. Hurdle,* 6 N.C. App. 51, 169 S.E. 2d 239), for the reasons stated therein, the order of removal was reversed. However, in the interim, the case was called for trial at the May 1969 Session of Pasquotank Superior Court. Defendant filed a plea in abatement upon the grounds of lack of jurisdiction in the Superior Court because the case was pending on appeal in the Court of Appeals. Judge Parker denied the plea in abatement and proceeded to trial of the case, judgment being entered therein on 13 May 1969. Defendant did not participate in the trial, relying upon his exception to the denial of his plea in abatement.

Verdict and judgment were rendered for plaintiffs.

Defendant appealed.

*Leroy, Wells, Shaw and Hornthal, by Dewey W. Wells, for plaintiffs.*

*John T. Chaffin and Gerald F. White for defendant.*

BROCK, J.

By motion filed in this cause on 4 September 1969, plaintiffs concede error as follows: "The question presented in this appeal has been rendered moot by the opinion filed on 27 August 1969: If the order changing venue was improperly entered, of necessity the Pasquotank County Superior Court had no jurisdiction to try the case. The plaintiffs concede error on this appeal and will file no brief in opposition to a reversal of the judgment below."

[1, 2]     An appeal from an appealable interlocutory order carries the interlocutory order and all questions incident to and necessarily involved therein to the appellate division. *Keith v. Silvia,* 236 N.C. 293, 72 S.E. 2d 686; *Bailey v. McPherson,* 233 N.C. 231, 63 S.E. 2d 559; *Sinclair v. R. R.,* 228 N.C. 389, 45 S.E. 2d 555; Strong, N.C. Index 2d, Appeal and Error, § 16. And the appeal stays all further

proceedings in the trial court upon the order appealed from, or upon the matters embraced therein. *Bohannon v. Trust Company,* 198 N.C. 702, 153 S.E. 263. The very question sought to be determined by the former appeal was the right of the Superior Court of Currituck County to transfer this case to the Superior Court of Pasquotank County for trial; therefore, the Superior Court of Pasquotank County was without jurisdiction to try the case pending the appeal.

Since the Superior Court of Pasquotank County was *functus officio* to try the case, it follows that the trial, the verdict and the judgment are nullities. The verdict rendered by the jury at the May 1969 Session of Pasquotank Superior Court is set aside and the judgment entered thereon is vacated.

Judgment vacated.

BRITT and VAUGHN, JJ., concur.