J. H. PATRICK AND WACHOVIA BANK & TRUST COMPANY, EX-ECUTORS OF THE WILL OF P. P. GREGORY, DECEASED v. JOE L. HURDLE (CASE #67-CVS-8 AND CASE #70-CVS-179)

No. 721SC545

(Filed 30 August 1972)

1. Trial § 3— denial of motion for continuance — no abuse of discretion
    The trial court did not abuse its discretion in denying defendant's motion for continuance where such motions had been granted twice before, where defendant, who was in declining health, had been ordered to preserve his testimony by deposition or file a physician's certificate that substantial risk of harm to his physical condition would arise from his doing so and he did not comply with such order,

Patrick v. Hurdle

and where the granting of a further continuance would severely prejudice plaintiffs.

2. **Appeal and Error § 6— interlocutory order — no right of appeal — appeal treated as petition for certiorari**

Though defendant had no right of appeal from the entry of partial summary judgment in two cases, the court on appeal nevertheless treated the appeals as petitions for certiorari, allowed them and passed upon the merits of the questions raised. G.S. 1A-1, Rule 54; G.S. 1-277.

3. **Accounts § 1; Pleadings § 11— mutual running account — counterclaim — summary judgment — no error**

The trial court properly entered partial summary judgment for plaintiff in an action on a mutual running account arising out of farming and business operations, despite defendant's counterclaim, where there was no genuine issue with respect to defendant's indebtedness and where defendant's counterclaim involved items of personal service allegedly rendered plaintiff which could, at most, entitle defendant to a set-off.

4. **Mortgages and Deeds of Trust § 24— right to foreclosure — partial summary judgment — ample evidence to support motion — general denial of evidence**

The trial court did not err in determining that there was no genuine issue with respect to defendant's obligation under notes executed by him or with respect to plaintiff's right to foreclose on the notes and deeds of trust where plaintiff offered abundant evidence that defendant and wife executed the notes and deeds of trust, that the instruments were executed under seal and for consideration and that they were unsatisfied, where defendant offered only a general denial in response to a request that he admit certain particulars regarding the notes and deeds of trust, and where defendant's counsel was given an opportunity before entry of summary judgment to advise the court as to what evidence defendant would produce in support of his denial of the execution of the notes and such advice was not given.

APPEAL by defendant from *Godwin, Special Judge,* 29 November 1971 Civil Session of Superior Court held in CURRITUCK County.

Defendant appeals from an order granting partial summary judgment in companion cases and from judgment entered upon a jury verdict finding certain items in defendant's counterclaim barred by the statute of limitations.

For many years prior to his death on 26 May 1966, plaintiffs' testator, P. P. Gregory, was engaged in various businesses including sawmilling, produce, seed, feed and farming. In the

mid-1940s defendant Hurdle started working with Gregory in his sawmill operations, doing bulldozer work for him, and farming with cash and supplies furnished by Gregory. After Gregory's death plaintiffs' brought two actions seeking to recover the total sum of $101,268.27, an indebtedness allegedly arising from the business dealings between Hurdle and Gregory through the years.

In the first action (principal action), instituted 7 April 1967, plaintiffs seek judgment for the total sum, alleging in four separate claims that Hurdle is indebted (1) on a mutual and open running account in the sum of $64,210.52; (2) under a note dated 31 July 1957 on which there is a balance due in the sum of $14,500.00; (3) under a note dated 26 April 1954 in the amount of $22,557.75, and (4) under a stated account for the total of the amounts alleged in the first three causes of action.

In the second action (foreclosure action), instituted 28 December 1970, plaintiffs seek the foreclosure of two deeds of trust allegedly executed by Hurdle, and one allegedly executed by Hurdle and his wife. All three were allegedly given as security for the indebtedness alleged in the first complaint. Hurdle's wife, India Marie Hurdle, and the trustees under the deeds of trust are included as defendants in this action.

Hurdle filed answers denying any indebtedness to the estate and setting forth identical counterclaims in both actions alleging that $500,000.00 is due him for various services performed for Gregory from the mid-1940s until Gregory's death.

Issues raised in the principal action as to whether the various claims are barred by the statute of limitations were tried before Judge Hubbard, and a jury, at the January 1970 Civil Session of Superior Court. The jury found as follows: (1) The items in plaintiffs' first claim on the alleged open account, accruing more than three years before Gregory's death, are not barred by the statute of limitations; (2) the transactions in Hurdle's counterclaim accruing more than three years before Gregory's death are barred by the statute of limitations; (3) plaintiffs' second claim on the note on which $14,500.00 is allegedly due is not barred by the statute of limitations; (4) plaintiffs' third claim on the note on which $22,557.75 is allegedly due is barred by the statute of limitations and (5)

plaintiffs' claim for an account stated is not barred by the statute of limitations. The jury's verdict on the second issue was set aside by the court in its discretion and judgment was entered on the verdicts as to the other issues.

On 4 November 1971 plaintiffs moved in each case for summary judgment. The cases came on for trial, and for hearing on plaintiffs' motions for summary judgment, at the 29 November 1971 Civil Session. Hurdle moved for a continuance. His motion was denied and plaintiffs' motions for summary judgment were partially allowed.

In the principal action the court adjudged that (1) Hurdle is indebted to plaintiffs on the mutual, open and running account, alleged as plaintiffs' first claim for relief, in the sum of $64,210.52, plus interest from the date of Gregory's death, and (2) Hurdle is indebted to plaintiffs in the sum of $14,500.00, plus interest from Gregory's death, on the note dated 31 July 1957 as alleged in plaintiffs' second claim for relief. Final judgment was stayed pending a determination of the amount, if any, defendant is entitled to recover on his counterclaim. The remaining issues for trial were set forth in the judgment as: (1) What amount, if any, are plaintiffs entitled to recover from Hurdle on the account stated as alleged in plaintiffs' fourth claim for relief? (2) Are the transactions set forth in Hurdle's counterclaim accruing more than three years before the death of Gregory barred by the statute of limitations? (3) What amount, if any, is Hurdle entitled to recover of plaintiffs on his counterclaim alleged in the answer?

The second issue set out above was tried and answered by the jury in the affirmative. Judgment was entered thereon and Hurdle excepted. The remaining issues were ordered tried at a later trial or reference.

In the foreclosure action summary judgment was entered adjudging plaintiffs entitled to foreclose all the notes and deeds of trust therein alleged, subject to a final determination of the amount, if any, found to be owing to plaintiffs on the mutual account alleged in the principal action after resolution of Hurdle's counterclaim. Foreclosure was stayed pending this final determination, and also pending future determinations of the legal rights, if any, of the defendant "India Marie Hurdle

arising from her marital relationship with the defendant Joe L. Hurdle and the legal and equitable rights, if any, of both defendants Hurdle and/or their heirs and assigns, including, but not limited to, possible rights of marshalling of assets."

Only the defendant Hurdle has appealed.

*Leroy, Wells, Shaw, Hornthal & Riley by Dewey W. Wells and L. P. Hornthal, Jr., for plaintiff appellees.*

*John T. Chaffin and Gerald F. White for defendant appellant.*

GRAHAM, Judge.

We first consider the appeal from judgment entered in the principal action on the jury verdict finding items in Hurdle's counterclaim accruing more than three years before the death of Gregory barred by the statute of limitations.

[1] Hurdle assigns as error the court's denial of his motion for a continuance. This assignment of error is overruled. Continuances are not favored. *Wilburn v. Wilburn,* 260 N.C. 208, 132 S.E. 2d 332. This action has been pending since 7 April 1967 and has twice before been the subject of appeals to this Court. See 6 N.C. App. 51, 169 S.E. 2d 239, and 7 N.C. App. 44, 171 S.E. 2d 58. Both cases were continued twice upon Hurdle's motions based upon contentions that he is physically unable to attend court. When he moved for a continuance on 30 November 1970, an independent medical examination was ordered. This examination tended to show that Hurdle was physically able to come to court and go through trial but not to stand a lot of "abuse on the witness stand." The court nevertheless continued the case upon being advised by Hurdle's counsel that they were not prepared for trial since they had believed their client's illness would prevent his attending court.

The cases were set peremptorily as the first cases for trial at the 25 January 1971 Session of Superior Court. At this session of court, a continuance was again ordered because of Hurdle's physical inability to attend trial. However, Judge Peel, the presiding judge, found at that time that while Hurdle is suffering from a chronic, progressive condition which may prevent his ever attending trial, he may be able to preserve

his testimony by deposition. Hurdle was thereupon ordered to preserve his testimony by deposition within sixty days, or to file with the clerk a physician's certificate that substantial risk of harm to his physical condition would arise from his doing so. He did neither.

In denying Hurdle's motion to continue the cases when called at the 29 November 1971 Session, Judge Godwin found that Hurdle "has been physically able to be deposed and that defendant has failed to show, by certificate of physician as required by Judge Peel's order or otherwise, that he could not, within 60 days of such order, give his testimony by deposition without substantial risk of harm to his physical condition." Judge Godwin also found from evidence in the record that Hurdle's physical condition is deteriorating; that he is not likely to improve; and that a further continuance would severely prejudice plaintiffs.

It is well established in this jurisdiction that a motion for a continuance is addressed to the sound discretion of the trial judge and his ruling thereon is not reviewable in the absence of manifest abuse of discretion. 7 Strong, N.C. Index 2d, Trial, § 3, p. 258. The facts appearing in the record fail to show any abuse of discretion on the part of the court. To the contrary, they indicate that defendant has been afforded reasonable opportunity to present by deposition any defenses he may have. Moreover, all of the evidence before the court tended to show that defendant's physical condition is not likely to improve. "Since the purpose of a continuance granted because of the poor health of a party is to postpone the proceedings to a later date when the party will be in a better condition to present his case, the delay will generally be refused unless there is a reasonable likelihood that this purpose will be served, that is, that the party's health will improve." 17 Am. Jur. 2d, Continuance, § 18, pp. 139, 140.

Hurdle brings forward several assignments of error to the court's rulings with respect to the admission of evidence and also to certain portions of the court's charge to the jury. These assignments of error have been considered and are overruled.

We move now to Hurdle's contentions with respect to the court's entry of partial summary judgments in each case.

[2]   At the outset, a question arises as to whether defendant's appeals from these orders are premature. G.S. 1A-1, Rule 56(d) clearly contemplates that summary judgment may be entered upon less than the whole case and that the court may make a summary adjudication that is not final. As pointed out by Professor Moore in discussing the identical federal procedure, "[I]n this situation, unless the interlocutory order is appealable and in most instances it will not be, the court has rendered a 'partial summary judgment' that is technically not a judgment." 6 Moore's Federal Practice, § 56.20[3.-0], p. 2746. Final judgments, enforceable against Hurdle, have not been entered. Whether Hurdle is prejudiced by the interlocutory disposition of the issues involved depends upon a determination of issues which are still pending for trial. In the absence of the entry of a final judgment, "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes." G.S. 1A-1, Rule 54.

While we are of the opinion Hurdle has no right of appeal at this time, G.S. 1-277, we nevertheless elect to treat the appeals as petitions for certiorari, allow them, and pass upon the merits of the questions raised.

In support of their motion for summary judgment in the principal action, plaintiffs presented substantial and convincing evidence as to the accuracy of the running account alleged. Defendant offered no affidavit or other evidence tending to show that he was improperly charged with any items specified in the amount alleged in plaintiffs' first cause of action.

[3]   Hurdle states in his affidavit, and contends in his answer, that Gregory and his bookkeeper "wrongfully failed to reflect credit to me, in said mutual and open running account for the items set forth in my counterclaim." The items in Hurdle's counterclaim not barred by the statute of limitations do not, in our opinion, constitute items that should be considered in connection with the mutual account alleged in plaintiffs' first cause of action. They are at most items which may entitle Hurdle to a set-off. This is so because these items arise out of matters completely unrelated to the business items set forth in

the mutual account alleged by plaintiffs. For instance, in his counterclaim, Hurdle alleges he is entitled to recover $110,000.00 for assistance he rendered Gregory in securing proof that a lady, claiming Gregory had promised to marry her, was lying; thus discouraging the lady from suing Gregory for breach of promise. In another allegation, entitled by Hurdle as the "Lonely Millionaire Matter," he contends the estate owes him $27,250.00 for getting Gregory released from pressure being applied by a woman seeking to marry him. Also, a substantial sum is claimed for staying with Gregory and taking him to a doctor and out to eat from time to time. The other allegations tend also to relate to claims for personal services allegedly rendered. It is not difficult to see that these matters should be dealt with in a separate issue and not submitted to the jury as items to be considered in connection with a mutual account arising out of farming and business operations. See *Haywood v. Hutchins,* 65 N.C. 574.

Considering defendant's counterclaim as a matter of set-off, the question then becomes: Is there any genuine issue with respect to plaintiffs' claim that defendant is indebted under an open, mutual running account in the sum of $64,210.52? In our opinion, the trial judge correctly determined that there is not.

[4] We think the trial judge also correctly determined that there is no genuine issue with respect to defendant's obligation under the note alleged as plaintiffs' second claim in the principal action, or with respect to plaintiffs' right to foreclose on the notes and deeds of trust as alleged in the foreclosure case, subject to the conditions outlined in the judgment. An abundance of evidence was offered by plaintiffs that Hurdle, joined by his wife in some instances, executed the notes and deeds of trust in question, that the instruments were executed under seal and for consideration, and that they have not been satisfied. Hurdle does not deny in his answers that he and his wife executed the notes in question. He states specifically in his answer with respect to all of the notes and deeds of trust that "[i]t is not denied that this answering defendant and India Marie Hurdle signed certain papers from time to time for the late P. P. Gregory but this answering defendant denies that consideration was received for the said signatures and this answering defendant avers that the amounts set forth in

the alleged papers are incorrect and defendant denies being indebted in any manner under any of the papers that are alleged to have been signed by this answering defendant and India Marie Hurdle."

Defendant contends that the court erred in failing to find that his general denial, in response to a request that he admit certain particulars regarding the notes and deeds of trust, raises a question as to whether he actually executed the instruments.

We think that under the circumstances, this general denial was entitled to no more weight than if it had been contained in defendant's answer in response to allegations in the complaint. "When a motion for summary judgment is made and supported . . . , an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." G.S. 1A-1, Rule 56 (e). As stated in the case of *Bruce Construction Corp. v. United States,* 242 F. 2d 873, 875 (5th Cir. 1957), "when a movant makes out a convincing showing that genuine issues of fact are lacking, we require that the adversary adequately demonstrate by receivable facts that a real, not formal, controversy exists, and, of course, he does not do that by mere denial or holding back evidence."

As previously noted Hurdle did not deny in his answer or affidavit that he executed the instruments in question. Neither Hurdle nor his counsel suggested in any way that evidence could be produced which would tend to dispute the overwhelming showing of plaintiffs that Hurdle executed the instruments. In this connection it is significant that before entering summary judgment Judge Godwin inquired of Hurdle's counsel as to what evidence Hurdle was prepared to offer "in support of his denial of the execution of said notes, the balance owing thereon and the right of foreclosure under said deeds of trust." When counsel stated they were unable to respond as to what Hurdle might say if he were to testify, the hearing was recessed until the next day and Hurdle's counsel were requested to ascertain in the interim, and frankly advise the court, what evidence Hurdle would be prepared to offer at trial in support of his contentions with respect to the notes and deeds of

trust, including the names of witnesses and the substance of their testimony in that regard. Counsel were also advised that they should take whatever time they needed to make these determinations and that their tardiness on convening of court the next morning would be excused.

In spite of the opportunity given, defendant's counsel were unable to advise the court as to any evidence which might place in issue any material fact with respect to the questions then being considered. In the case of *Kessing v. Mortgage Co.*, 278 N.C. 523, 535, 180 S.E. 2d 823, 831, the court noted the following:

> "Defendant, on inquiry by the trial court as to whether any responsive countervailing evidence could be presented, failed to present such. Under these circumstances, defendant's mere allegations were not sufficient and summary judgment was appropriately entered dismissing the first counterclaim. G.S. 1A-1, Rule 56 (e) . . . . "

Summary judgment procedure is designed to permit penetration in advance of trial of unfounded claims or defenses and to allow summary disposition when this is effectively done. 2 McIntosh, N. C. Practice and Procedure 2d, § 1660.5, p. 72 (Phillips' Supp. 1970). It has been effectively shown here that Hurdle's only possible defense, with respect to any of the issues on which summary judgment has been granted, is by way of a possible set-off. He may still establish this defense by proving at trial the validity of any items in his counterclaim which have not been adjudged barred by the statute of limitations. Consequently, Hurdle has not been denied the opportunity of a trial with respect to the only possible valid defense he has.

Affirmed.

Judges PARKER and VAUGHN concur.