LUIS E. DONAYRE v. ROBERT T. JONES

No. 7717SC849

(Filed 5 September 1978)

**Brokers and Factors § 4— broker's liability for losses incurred—limited obligation**

In an action for breach of contract arising from the sale of certain commodities options, the trial court properly entered summary judgment for

defendant where plaintiff alleged and the parties agreed that defendant obligated himself to accept "liability for all losses incurred in [the plaintiff's] purchase of December 26, 1972 six pack beyond the initial $3000.00 you invest"; by his affidavit filed in support of his summary judgment motion, defendant contended that the above wording of defendant's letter to plaintiff was properly construed as imposing liability upon him only in the event of a margin call resulting in the plaintiff's being required to make an additional cash outlay of all or part of the $2000 carried on margin account, and the letter should not be construed as an agreement holding defendant liable for fluctuations in the value of commodity options detrimental to plaintiff; and plaintiff in no way contested the facts set forth in defendant's affidavit.

APPEAL by plaintiff from *Crissman, Judge*. Judgment entered 5 August 1977 in Superior Court, SURRY County. Heard in the Court of Appeals 14 August 1978.

The plaintiff, Luis E. Donayre, initiated this action on 22 March 1976 against the defendant, Robert T. Jones, alleging a breach of contract by the defendant arising from the sale of certain commodities options. By his complaint, the plaintiff alleged that the defendant was employed as a sales representative for Goldstein, Samuelson, Inc., at all times pertinent to this action. During December of 1972, the defendant attempted to persuade the plaintiff to invest in a "six-pack" of commodities consisting of six-month commodity options for the purchase of six individual investments itemized as sugar, silver, plywood, cocoa, copper, and platinum. By letter dated 19 December 1972, the defendant informed the plaintiff that: "This will confirm that I accepted liability for all losses incurred in your purchase of December 26, 1972 six pack beyond the intitial $3000.00 you invest."

The plaintiff further alleged that he invested in such commodities options with Goldstein, Samuelson, Inc., on 26 December 1972. This investment was made in the form of the plaintiff's check of 3 January 1973 in the amount of $3,080.

The plaintiff also alleged that Goldstein, Samuelson, Inc., filed for bankruptcy on 27 February 1973 and has since been placed in receivership and adjudicated to be a bankrupt. The plaintiff alleged that at the time of the filing for bankruptcy the commodities options in question were of a value of $10,154.50. The plaintiff made demand of the defendant for $7,074.50 which he alleged the defendant owed him as a result of the agreement contained in the defendant's letter of 19 December 1972. The defendant refused the demand.

The defendant filed an answer in which he admitted most of the plaintiff's allegations but denied any loss by the plaintiff in excess of the $3,000 originally invested or any liability arising from the letter of 19 December 1972. The defendant also filed a motion for summary judgment in his favor and a supporting affidavit. In his affidavit the defendant stated that, during December of 1972, the plaintiff wished to invest $5,000 in six-month commodity options. The plaintiff elected to finance the $5,000 purchase by giving the defendant a check for $3,080 and placing $2,000 on a margin account. The $80 figure represented interest on the $2,000 placed upon margin account for six months at 8 percent interest. The plaintiff wished assurance that there would be no margin call requiring him to produce the $2,000 placed on margin account. As a result of the plaintiff's desire in this regard, the defendant wrote him the letter of 19 December 1972 referred to in the complaint. The defendant stated in his affidavit that the plaintiff has never been called upon to produce any part of the $2,000 on margin account and has suffered no loss other than his initial cash outlay of $3,000 on the $5,000 investment.

The plaintiff filed an affidavit in which he essentially restated portions of his complaint. That affidavit did not tend to contradict the statements of fact set forth in the defendant's affidavit. The trial court allowed the defendant's motion and granted summary judgment in his favor from which the plaintiff appealed.

*Franklin Smith for plaintiff appellant.*

*George C. Mountcastle for defendant appellee.*

MITCHELL, Judge.

The plaintiff assigns as error the entry of summary judgment in favor of the defendant by the trial court. In support of this assignment, the plaintiff contends that a genuine issue of material fact exists as to the amount of his losses and, thus, the resulting liability of the defendant. We do not agree.

The parties agree that the defendant obligated himself to accept "liability for all losses incurred in [the plaintiff's] purchase of December 26, 1972 six pack beyond the initial $3,000.00 you in-

vest." By his affidavit, the defendant provided additional facts surrounding the sale of the commodities options to the plaintiff which gave rise to the defendant's letter accepting liability. Neither the plaintiff's complaint nor his affidavit filed in response to the defendant's motion for summary judgment in any way contests these additional facts as set forth in the defendant's affidavit. Instead, the plaintiff's affidavit merely restates certain allegations of the complaint without referring to the additional facts set forth by the defendant. By his affidavit, the defendant made a convincing showing that genuine issues of fact are lacking. Therefore, the plaintiff was required to demonstrate by affidavit or other receivable facts that a real, not a formal, controversy existed. He could not and did not demonstrate the existence of such a controversy by his affidavit, which merely restated certain allegations of the complaint and held back any evidence in his possession relating to the events surrounding the defendant's agreement to accept liability. *Patrick v. Hurdle*, 16 N.C. App. 28, 190 S.E. 2d 871, *cert. denied*, 282 N.C. 304, 192 S.E. 2d 195 (1972). As the plaintiff did not introduce any materials pointing to specific areas of impeachment or contradiction and did not contest the additional facts set forth in the defendant's affidavit, only latent doubts as to the credibility of the statements set forth in the defendant's affidavit were raised. Therefore, the affidavit was sufficient to support a motion for summary judgment. *See Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976).

The issue of the defendant's liability *vel non* rests upon the intention of the parties at the time he wrote the letter of 19 December 1972 accepting liability for losses. The intention of the parties at that time must be determined "from the expressions used, the subject matter, the end in view, the purpose sought and the situation of the parties at the time." *Electric Co. v. Insurance Co.*, 229 N.C. 518, 520, 50 S.E. 2d 295, 297 (1948). The plaintiff contends that, when viewed in this context, the defendant's letter constituted an acceptance of liability for any fluctuation in the value of the commodities options which were detrimental to the plaintiff. The defendant contends, however, that the wording of the letter was properly construed as imposing liability upon him only in the event of a margin call resulting in the plaintiff's being required to make an additional cash outlay of all or part of the $2,000 carried on margin account.

The word "loss" is a generic and relative term and not a word of limited, hard and fast meaning. Black's Law Dictionary, 1094 (Revised 4th ed. 1968). A mere reduction in the value of property may constitute a "loss" in one case, while in others that word may be used so as to include only a total and complete separation from a thing of value. *Compare Boney v. Insurance Co.*, 213 N.C. 470, 196 S.E. 837 (1938), *with Logan v. Johnson*, 218 N.C. 200, 10 S.E. 2d 653 (1940). Such words, capable of more than one meaning, must be given that meaning which it is apparent the parties intended. 3 Strong, N.C. Index 3d, Contracts, § 12, p. 390. Here, the language employed by the defendant in his letter of 19 December 1972 must be given such construction as he should have supposed the plaintiff would give it or as would have been fairly justified on the plaintiff's part. *Koppers Co., Inc. v. Chemical Corp.*, 9 N.C. App. 118, 175 S.E. 2d 761 (1970); 17 Am. Jur. 2d, Contracts, § 248, p. 641. We hold that the application of these rules to the writing in question commands the conclusion that the defendant could only suppose that the plaintiff would construe the letter as an acceptance of liability by the defendant for any additional cash outlays required of the plaintiff by virtue of a margin call, and that the plaintiff was not fairly justified in giving the terms of the letter any other construction.

It is true, of course, that the letter of 19 June 1972 did not express in specific terms this limitation of the defendant's liability to possible additional cash outlays which might be required of the plaintiff. However, our courts will imply such limitations where, as here, from the language of the contract and the circumstances under which it is entered, it may be inferred that the parties must have intended the stipulation in question. The policy of the law is to supply in contracts that presumed to have been deemed obvious by the parties. *Lane v. Scarborough*, 284 N.C. 407, 410-11, 200 S.E. 2d 622, 624 (1973). To construe the defendant's letter of 19 December 1972 as an agreement to be held liable for fluctuations in the value of commodity options detrimental to the plaintiff would make him liable for all such detrimental variations resulting from the daily fluctuations in the value of the commodities options in question during the entire period they were held by the plaintiff. We think it may be presumed to have been deemed obvious by the parties that the defendant did not accept liability for so-called "paper losses"

resulting from fluctuations in the value of commodities options. Instead, we find it must have been so obvious to the parties as not to require expression that the defendant accepted liability only for additional cash outlays if required of the plaintiff. *See* 17 Am. Jur. 2d, Contracts, § 255, p. 651.

We base our holding upon the defendant's letter of 19 December 1972 taken within the context of a transaction in commodity options as alleged in the plaintiff's complaint. We note that those portions of the defendant's affidavit in support of his motion for summary judgment, which are uncontested by the plaintiff, tend to support our interpretation. We have found it unnecessary to rely upon the affidavits of either party but have considered them for the purpose of determining whether they raise material issues of fact. We have determined they do not.

The trial court properly concluded that there was no genuine issue as to any material fact, and that the defendant was entitled to summary judgment as a matter of law. The judgment of the trial court must be and is

Affirmed.

Judges VAUGHN and MARTIN (Robert M.) concur.