JUDITH H. HENDRIX v. GORDON C. HENDRIX, JR.

No. 8321DC325

(Filed 20 March 1984)

**Divorce and Alimony § 21.9— complaint requesting enforcement of separation agreement and equitable distribution—construed as seeking alternative relief— dismissal of equitable distribution claim improper**

Where plaintiff sought three claims of relief: (1) absolute divorce, (2) enforcement of a validly executed separation agreement, and (3) equitable distribution, the trial court erred in granting defendant's motion to dismiss the equitable distribution claim since under G.S. 1A-1, Rule 8(e)(2), a party may plead alternative claims. However, pursuant to G.S. 50-20(d), defendant might be entitled to judgment on the pleadings after answer is filed, if he admits the validity of the separation agreement. G.S. 50-21(a).

Judge PHILLIPS concurring in the result.

APPEAL by plaintiff from *Alexander, Judge*. Order entered 5 November 1982 in District Court of FORSYTH County. Heard in the Court of Appeals 15 February 1984.

*Morrow and Reavis by John F. Morrow and Clifton R. Long, Jr., for plaintiff appellant.*

*White and Crumpler by Fred G. Crumpler, Jr., G. Edgar Parker, Craig B. Wheaton and Randolph M. James for defendant appellee.*

BRASWELL, Judge.

The complaint purports to set forth three claims for relief:

(1) absolute divorce,

(2) enforcement of validly executed separation agreement, and

(3) equitable distribution.

The parties are husband and wife. They separated 21 November 1980. In the second claim the plaintiff-wife pleads the valid existence of two deeds of separation (the first, on 21 November 1980; the second, superseding the first, on 2 June 1981), attaches copies as exhibits, incorporates them into the pleadings by reference, and asks that they be incorporated into the divorce decree and enforced under the contempt powers of the court.

By the third claim for equitable distribution the wife seeks to bring herself within the provision of G.S. 50-20, *et seq.*, and in argument contends that this is a claim seeking alternative relief. This claim does not contend that the property settlement included within the deeds of separation in the second claim is subject to any infirmity. She does not contend that the separation agreement is unfair or invalid for any reason. She does not allege any breach. Rather, as evidenced by her second claim for relief, she has pled the creation of a valid separation agreement, participated in by herself, and asks that it be enforced.

The action is before us solely upon the defendant's motion under G.S. 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure to dismiss for failure to state a claim. On 5 November 1982 the trial judge granted the motion to dismiss as to the third claim (for equitable distribution), and plaintiff appeals.

The motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint to state a claim for relief. The scope of our review is to determine whether the third claim gives sufficient notice of the events upon which the claim is based so as to provide the basis for a response from the party sued, and whether the matter alleged contains enough subject matter so as to constitute the elements of some claim recognizable in law. If so, it is our duty to overturn the dismissal.

Under the general rules of pleadings, G.S. 1A-1, Rule 8(e)(2) of the Rules of Civil Procedure allows a party to "set forth two or more statements of a claim . . . alternatively . . . [and] in separate counts." further, if an alternative statement of a claim, "made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements." The Rule also sanctions the making of inconsistent claims.

It is North Carolina's public policy that "an equitable distribution of property shall follow a decree of absolute divorce." G.S. 50-21(a). That section also sets out the procedure for making application for the distribution. However, a resort to the equitable distribution law is not the only recognized way for married people to dispose of their marital property. An alternative is in G.S. 50-20(d):

> Before, during or after marriage the parties may by written agreement, duly executed and acknowledged in accordance with the provisions of G.S. 52-10 and 52-10.1, or by a written agreement valid in the jurisdiction where executed, provide for distribution of the marital property in a manner deemed by the parties to be equitable and the agreement shall be binding on the parties.

Here at the pleadings stage [and before answer has been filed], we hold that the plaintiff has stated a claim for equitable distribution as an alternative claim for relief. However, we would envision that, considering the provisions of G.S. 50-20(d), the defendant might be entitled to a judgment on the pleadings after answer is filed, if he admits the validity of the separation agreements. The trial judge would have to find the facts required by section (d). Thereupon the claim for equitable distribution would be dismissed. In an alternative manner the issue of effect

of the separation agreements could be resolved by summary judgment. We perceive that the status of the separation agreements in this particular case on these particular facts should be resolved before any court ordered discovery under the third claim in the complaint.

Reversed and remanded.

Judge WELLS concurs.

Judge PHILLIPS concurs in result.

Judge PHILLIPS concurring in result.

Though I agree that plaintiff's claim for equitable distribution was improperly stricken, I do not agree that it should be stricken upon defendant admitting the validity of the separation agreements, or that no discovery relating to defendant's assets should be done during the interim, or that an early hearing by the trial judge is either necessary or advisable. The main reason for permitting inconsistent claims to be alleged is so that litigants can investigate and assess them before having to decide — or before the court decides for them — which inconsistent claim is supportable and which is not. These two inconsistent claims, I think, ought to be left to follow the usual course of such claims until such time as the progress of the litigation, by one means or another, brings one claim to the fore and shunts the other aside; which is as inevitable as the falling of night, since the claims are utterly and completely contradictory. And it can and should happen, quickly and easily, without the necessity of any hearing before, or findings by, the judge. Indeed, if, instead of seeking the aid of the judge, defendant had but answered the interrogatories about his assets that plaintiff submitted to him and had required plaintiff to answer a few thoughtful inquiries of his own about both claims, one claim or the other would probably have been eliminated or abandoned long ago.