TERRY E. CASE v. HAROLD V. CASE, JR.

No. 8418DC317

(Filed 19 February 1985)

1. **Husband and Wife § 12— resumption of marital relations—separation agreement not voided**

   The parties' reconciliation and resumption of marital relations did not void their separation agreement since provisions of the agreement regarding division of real and personal property were already executed prior to resumption of the marital relationship.

2. **Husband and Wife § 11.2— separation agreement—division of personal property**

   There was no merit to defendant's contention that the parties did not agree upon a division of their personal property, since the parties' separation agreement did provide for such a division, and the provision was free from ambiguity and clear enough for the trial court to render judgment as a matter of law.

3. **Husband and Wife § 11; Divorce and Alimony § 30— separation agreement— effect of Equitable Distribution Act**

   The Equitable Distribution Act, G.S. 50-20, did not purport to change the validity of separation agreements or to modify existing agreements; therefore, the parties' separation agreement entered into on 3 March 1981, before the Act was enacted, was not affected by its passage.

4. **Rules of Civil Procedure § 56.1— discovery procedures pending—summary judgment proper**

   There was no merit to defendant's contention that summary judgment was improperly entered while discovery was still pending, since the trial court ruled as a matter of law that the parties' separation agreement was valid and no genuine issue of material fact existed, and thus no useful information could have been gained through discovery.

APPEAL by defendant from *John, Judge*. Order entered 14 September 1983 in District Court, GUILFORD County. Heard in the Court of Appeals 28 November 1984.

Plaintiff and defendant were married on 28 November 1964 in Flint, Michigan. One child, Rick James Case, was born of the marriage on 3 February 1966. Plaintiff and defendant, in September 1972, purchased as tenants by the entirety a home located in Greensboro, North Carolina, where they and the minor child lived until the parties separated on 10 November 1980. Thereafter, plaintiff remained in the house, while defendant and minor child took up residence in an apartment.

Plaintiff and defendant sought a reconciliation, but only after the parties agreed to enter into a separation agreement. On 3 March 1981, the parties entered into a separation agreement, disposing of their property rights and other rights and obligations arising out of the marriage relation. On the same day the separation agreement was executed, defendant, in accordance with the agreement, conveyed by quitclaim deed his interests in the homeplace to plaintiff.

Plaintiff and defendant reconciled for approximately one week during April 1981. During the reconciliation, they lived together, engaged in sexual intercourse and attempted to settle their marital difference. After this attempted reconciliation, the parties separated again with the defendant taking the minor child.

Plaintiff filed this action on 22 February 1983 seeking an absolute divorce from the defendant. Defendant filed an answer and counterclaim admitting that grounds existed for a divorce pursuant to a year's separation and seeking child custody, child support, attorney's fees, possession of the family residence and an equitable distribution of the marital property. Plaintiff's reply did not contest the child custody or child support issues, but pleaded the separation agreement as a bar to the claim for equitable distribution.

Plaintiff, on 23 June 1983, filed an affidavit and a motion for partial summary judgment on the issue of equitable distribution. The court granted plaintiff's motion for partial summary judgment as to defendant's counterclaim for equitable distribution. The parties were granted an absolute divorce on 21 November 1983. A hearing was held on 19 October 1983 in which defendant was granted custody of the child and child support.

From entry of the order granting plaintiff's motion for partial summary judgment, defendant appeals.

*Douglas, Ravenel, Hardy, Crihfield, and Lung, by G. S. Crihfield and James W. Lung, for plaintiff appellee.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Dolores D. Follin, for defendant appellant.*

JOHNSON, Judge.

Defendant assigns as error the trial court's granting of plaintiff's motion for partial summary judgment. Before we address defendant's assignment of error, we must first determine if defendant's appeal is premature at this stage of the proceedings. G.S. 1A-1, Rule 56(d) clearly contemplates that summary judgment may be entered upon less than the whole case and that the court may make a summary adjudication that is not final. *Patrick v. Hurdle*, 16 N.C. App. 28, 190 S.E. 2d 871, *cert. denied*, 282 N.C. 304, 192 S.E. 2d 195 (1972). In this instance, the partial summary judgment is interlocutory and not final, thus an immediate appeal does not lie to this court. *Id.* In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes. G.S. 1A-1, Rule 54(b).

The trial judge entered summary judgment as to defendant's counterclaim for equitable distribution, leaving for trial plaintiff's claim for absolute divorce and defendant's remaining counterclaims for child custody and child support. The granting of the summary judgment motion is not appealable, G.S. 1A-1, Rule 54(b) unless the appeal is provided for elsewhere in the statute. Defendant may immediately appeal from this interlocutory order if it affects a substantial right. G.S. 1-277. It has been held that an order which completely disposes of one of several issues in a lawsuit affects a substantial right. *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976). The trial court in granting summary judgment concluded that the separation agreement was valid and not revoked by the reconciliation of the parties. The separation agreement was a bar to the counterclaim for equitable distribu-

tion, thus there existed no genuine issue of material fact. The trial court's conclusion completely disposes of the issue of equitable distribution, thereby affecting a substantial right of the defendant rendering the appeal reviewable.

At this point, we address defendant's assignment of error that the trial court erroneously concluded there was no genuine issue of material fact and entered summary judgment as to the issue of equitable distribution.

A

[1] Defendant first contends that the parties' reconciliation voided the separation agreement. It is well settled in our law that a separation agreement between husband and wife is terminated for every purpose insofar as it remains executory upon their resumption of the marital relation. *In re Estate of Adamee*, 291 N.C. 386, 230 S.E. 2d 541 (1976). "[A] reconciliation and resumption of marital relations by the parties to a separation agreement would not revoke or invalidate a duly executed deed of conveyance in a property settlement between the parties. (Citations omitted.) . . . 'Regardless of what the rule may be as to a settlement with executory provisions, an executed property settlement is not affected by a mere reconciliation and resumption of cohabitation.' " (Citations omitted.) *Jones v. Lewis*, 243 N.C. 259, 90 S.E. 2d 547 (1955).

The parties entered into a separation agreement on 3 March 1981, which contained the following pertinent provisions relating to distribution of marital property:

II. *Personal Property*. The parties have previously agreed between themselves on the division of personal property, including motor vehicles, and said agreement is ratified.

Each party shall retain sole ownership of all stocks, bonds, securities, insurance policies, club memberships or other like property which such party heretofore owned individually.

III. *Proceeds from Personal Injury Settlement*. In the summer of 1980, Husband and the parties' minor child received a substantial settlement for injuries each suffered in an automobile collision. Husband entrusted Six Thousand Five

Hundred Dollars ($6,500.00) of said settlement proceeds to wife. Simultaneously with the execution of this Agreement, Wife will return Two Thousand Five Hundred Dollars ($2,500.00) to Husband.

IV. *Real Property.* The parties are presently owners as tenants by the entirety of a home located at 3105 Shallowford Drive, Greensboro, North Carolina. Simultaneously with the execution of this Agreement, Husband shall deed all of his rights, title and interest in said property to Wife by a quitclaim deed.

On the same day the separation agreement was executed, defendant conveyed his interest in the homeplace to plaintiff. Defendant's conveyance occurred prior to the parties resuming the marital relationship, which rendered the provision concerning real property executed, not executory, and therefore not terminated by the resumption of the marital relationship. The remaining provisions of the separation agreement were likewise already executed, thus not terminated.

An "executory contract" is one in which a party binds himself to do or not to do a particular thing *in the future.* When all future performances have occurred and there is no outstanding promise calling for fulfillment by either party, the contract is no longer "executory," but is "executed." (Citations omitted.) Thus when our cases speak of the "executory provisions" of a separation agreement, they are referring to those provisions which require a spouse to do some future act in accordance with the terms of the agreement. . . .

*Whitt v. Whitt,* 32 N.C. App. 125, 129-30, 230 S.E. 2d 793, 796 (1977). Taking these principles into account, we must hold that the parties' reconciliation did not terminate any provisions concerning the distribution of marital property.

B

[2]   Defendant next attacks the validity of the separation agreement by contending that contrary to paragraph II, *supra,* of the separation agreement, the parties did not agree upon a division of their personal property. A separation agreement is a contract and, therefore, its meaning is ordinarily determined by the same

rules used to interpret any other contract. *Lane v. Scarborough*, 284 N.C. 407, 200 S.E. 2d 622 (1973). When a separation agreement is in writing and free from ambiguity, its meaning and effect is a question of law for the court. *Id.; McArthur v. McArthur*, 68 N.C. App. 484, 315 S.E. 2d 344 (1984). Paragraph II provided for the distribution of the parties' personal property, as agreed upon and ratified by both parties. This provision is free from ambiguity and definitely clear enough for the trial court to render judgment as a matter of law. We find defendant's contention is without merit.

## C

[3] Defendant contends the separation agreement was executed before the equitable distribution statute was enacted, thus he could not bargain away his right to equitable distribution of marital property since such a right did not exist at the time of the execution of the separation agreement. The parties entered into a separation agreement on 3 March 1981. The Equitable Distribution Act (hereinafter Act) was enacted thereafter, G.S. 50-20 (Supp. 1983), and applies to all divorce actions instituted on or after 1 October 1981. Plaintiff filed this action for an absolute divorce on 22 February 1983. It is North Carolina's public policy that "an equitable distribution of property shall follow a decree of absolute divorce." G.S. 50-21(a). However, a resort to the equitable distribution law is not the only recognized way for married people to dispose of their marital property. An alternative is in G.S. 50-20(d):

> Before, during or after marriage the parties may by written agreement, duly executed and acknowledged in accordance with provisions of G.S. 52-10 and 52-10.1, or by a written agreement valid in the jurisdiction where executed, provide for distribution of the marital property in a manner deemed by the parties to be equitable and the agreement shall be binding on the parties.

*Hendrix v. Hendrix*, 67 N.C. App. 354, 313 S.E. 2d 25 (1984). The clear language of this statute reveals that the Act did not purport to change the validity of separation agreements or modify existing agreements. *McArthur, supra.* Defendant's contention is, therefore, without merit.

D

[4]  Defendant's final contention is that summary judgment was improperly entered while discovery was still pending. "Ordinarily it is error for a court to hear and rule on a motion for summary judgment when discovery procedures, which might lead to the production of evidence relevant to the motion, are still pending and the party seeking discovery has not been dilatory in doing so." *Conover v. Newton*, 297 N.C. 506, 256 S.E. 2d 216 (1979). The trial court is not barred in every case from granting summary judgment before discovery is completed. *Joyner v. Hospital*, 38 N.C. App. 720, 248 S.E. 2d 881 (1978).

A request for equitable distribution of property may not be granted in the face of a prior, valid agreement disposing of the parties' marital property, G.S. 50-20(d). *Buffington v. Buffington*, 69 N.C. App. 483, 317 S.E. 2d 97 (1984). Defendant, by affidavit as well as arguments before this court, has unsuccessfully attacked the validity of the separation agreement. Summary judgment was proper absent a showing by defendant that the separation agreement was not valid. The trial court ruled as a matter of law that the separation agreement was valid and no genuine issue of material fact existed, thus no useful information could have been gained through discovery. The rule that summary judgment should not be granted while discovery is pending, presupposes that any information gleaned will be useful. *Manhattan Life Ins. Co. v. Miller Machine Co.*, 60 N.C. App. 155, 159, 298 S.E. 2d 190, 193 (1982), *cert. denied*, 307 N.C. 697, 301 S.E. 2d 389 (1983).

We conclude that the trial court properly granted summary judgment for plaintiff. The order is

Affirmed.

Judges WHICHARD and PHILLIPS concur.