MURPHY, Judge, dissenting.
In reaching the merits of this appeal, the Majority concludes that the order requiring plaintiff to pay $48,188.15 in attorney fees affects a substantial right warranting immediate appellate review because it is "an order which completely disposes of one of several issues in a lawsuit" and "it orders plaintiff to pay a not insignificant amount-$48,188.15-in attorney's fees." I respectfully dissent from the Majority's exercise of jurisdiction over this interlocutory appeal because I do not believe that plaintiff has met his burden to demonstrate that the order for $48,188.15 in attorney fees affects a substantial right.
Initially, I note plaintiff's theory of substantial right, upon which the Majority predicates the exercise of jurisdiction, was not included in plaintiff's opening brief; it was only addressed in his reply brief. Under our Rules of Appellate Procedure, the appellant's brief shall contain a "statement of the grounds for appellate review[,]" and when an appeal is interlocutory "the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C. R. App. P. 28(b)(4) (emphasis added). It is the appellant's "burden to establish that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order[.]" McConnell v. McConnell , 151 N.C.App. 622, 625, 566 S.E.2d 801, 804 (2002).
*752 The Statement of the Grounds for Appellate Review in the opening brief provides no substantive argument explaining how the order for attorney fees affects a substantial right of the party seeking review. Rather, the opening brief contains a single conclusory statement that the order affects a substantial right and a citation to Peeler v. Peeler , a case overruled over 35 years ago. Peeler v. Peeler , 7 N.C.App. 456, 172 S.E.2d 915 (1970), overruled by Stephenson v. Stephenson , 55 N.C.App. 250, 285 S.E.2d 281 (1981). Stephenson overruled Peeler and other prior decisions recognizing a right of immediate appeal from awards pendente lite and held that these orders and awards were interlocutory decrees that "necessarily do not affect a substantial right from which lies an immediate appeal pursuant to [N.C. Gen. Stat. §] 7A-27(d)." Stephenson , 55 N.C.App. at 252, 285 S.E.2d at 282.
Ordinarily, conclusory statements and "bare assertions" such as this are insufficient to confer appellate jurisdiction. See, e.g ., Hoke Cty. Bd. of Educ. v. State , 198 N.C.App. 274, 277-78, 679 S.E.2d 512, 516 (2009) ("The appellants must present more than a bare assertion that the order affects a substantial right; they must demonstrate why the order affects a substantial right.").
Presumably in response to defendant's brief, which cited Stephenson and argued this Court was without jurisdiction to hear this appeal, plaintiff used his reply brief to take another bite at the apple and attempt to demonstrate how the order affects a substantial right. The reply brief contends that the "present order is nonetheless appealable ... [because] it requires the payment of a considerable sum of money in a very short span of time." However, since the appellee typically has no opportunity to respond to the reply brief, it is not the proper place for an appellant to make completely new arguments.
Procedural issues notwithstanding, the jurisdictional argument contained in plaintiff's reply brief is still insufficient to demonstrate that the award of attorney fees in this case *879 affects a substantial right of plaintiff's. Our jurisdictional inquiry is limited to the traditional "two-part test of the appealability of interlocutory orders under the 'substantial right' exception provided in [N.C. Gen. Stat. §] 1-277(a) and [N.C. Gen. Stat. §] 7A-27(d)(1)." J & B Slurry Seal Co. v. Mid-South Aviation, Inc ., 88 N.C.App. 1, 5, 362 S.E.2d 812, 815 (1987). "First, the right itself must be 'substantial.' " Id . Second, the appellant must demonstrate "that the right [will] be lost or prejudiced if not immediately appealed." Id . at 6, 362 S.E.2d at 816.
We have recognized that an interlocutory order may affect a substantial right when a party is required to "make immediate payment *753 of a significant amount of money." See, e.g ., Estate of Redden v. Redden , 179 N.C.App. 113, 117, 632 S.E.2d 794, 798 (2006) (concluding that an order for partial summary judgement requiring the defendant to pay the sum of $150,000.00 and costs affected a substantial right). However, the mere fact that plaintiff here would have to expend thousands of dollars to comply with the terms of this order does not alone satisfy his burden to show how the right affected is "substantial." Since our substantial right precedent requires a "case by case" analysis, Stafford v. Stafford , 133 N.C.App. 163, 165, 515 S.E.2d 43, 45 (1999), where an appellant argues that an interlocutory order affects a substantial right because that order requires him to pay a certain sum of money, we cannot properly assess the merits of that argument without some explanation as to why the sum owed is significant in light of the financial resources and constraints of the appellant. The amount at issue here-$48,188.15-may be the annual earnings for one litigant, or the monthly salary for another.
More importantly, the appellant seeking review must also show why "the right [will] be lost or prejudiced if not immediately appealed." J & B Slurry Seal Co. , 88 N.C.App. at 6, 362 S.E.2d at 816. In Hanna v. Wright , the defendant appealed an interlocutory order which allowed the plaintiff to repossess a piece of heavy equipment, a "track loader." Hanna v. Wright , --- N.C.App. ----, ----, 800 S.E.2d 475, 476 (2017). The defendant alleged that the loss of the track loader would irreparably prejudice him and, thus, affected a substantial right. However, the defendant did not allege how the loss of the track loader would cause such prejudice. Id . Nor did the defendant "argue that losing possession of the [t]rack [l]oader would prevent [the defendant] from practicing his livelihood as a whole ." Id . We held that the defendant's argument "does not evince sufficient grounds for an interlocutory appeal." Id .
Here, plaintiff failed to explain how the payment of $48,188.15 particularly affects him in light of his financial resources. He has also failed to explain why he would be "irremediably adversely affected" if the order for attorney fees is not immediately reviewed by this court. See McConnell , 151 N.C.App. at 625, 566 S.E.2d at 804. Plaintiff merely asserts that the order requires the payment of a considerable sum of money in a very short span of time. The Majority relies on this undeveloped argument and finds additional support for it by adopting an overly broad interpretation of Case v. Case, 73 N.C.App. 76, 325 S.E.2d 661 (1985). In Case , we held that the granting of plaintiff's motion for partial summary judgment affected his substantial right because the order concluded that a separation agreement was valid and thus posed a bar to defendant's *754 counterclaim for equitable distribution. Id. at 82, 325 S.E.2d at 665. I agree that the Case opinion does state and stand for the general proposition that "[i]t has been held that an order which completely disposes of one of several issues in a lawsuit affects a substantial right." Id . at 78, 325 S.E.2d at 663. However, the Majority goes too far in its reliance on Case by concluding that this order for attorney fees "completely disposes of one of several issues in a lawsuit" and "arguably affects a substantial right." Case does not control here, because this interlocutory order is for attorney fees, and the one in Case was a summary judgment order containing a legal conclusion that would absolutely bar a "substantive" counterclaim.[2] Plaintiff has not *880 made the necessary showing that error, if any, cannot be corrected through the course of a timely appeal. We do not have jurisdiction to hear this premature appeal.
I also have great concern with the Majority's conclusion that N.C. Gen. Stat. § 50-19.1 is applicable to the instant appeal. First, this is not an argument advanced by plaintiff, and our inquiry should stop there. Second, the statute is not applicable because the present appeal is not from a final order adjudicating a claim for child custody, child support, alimony, or equitable distribution. This case is an appeal from an interlocutory order for attorney fees, a subject left unaddressed by the authors of N.C. Gen. Stat. § 50-19.1, and the statute has no direct application to the resolution of this appeal. Third, "[i]t is not the role of this Court ... to flush out incomplete arguments[,]" Estate of Hurst v. Jones , 230 N.C.App. 162, 178, 750 S.E.2d 14, 25 (2013), and it is "not the duty of this Court to construct arguments for or find support for appellant's right to appeal." Slaughter v. Swicegood , 162 N.C.App. 457, 463, 591 S.E.2d 577, 581 (2004) (alterations and citations omitted).
Furthermore, our law governing interlocutory appeals seeks to discourage "piecemeal litigation." Whiteco Indus., Inc. v. Harrelson , 111 N.C.App. 815, 818, 434 S.E.2d 229, 232 (1993). "[J]udicial economy favors the hearing of petitioner's motion for attorney's fees only after the judgment has become final, thereby avoiding piecemeal litigation of the issue." Id. Further, interlocutory appeals are disfavored in order to "prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to [resolve] a case fully and finally before it is presented to the appellate division." Waters v. Qualified Personnel, Inc ., 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978). There are two substantive claims *755 still outstanding in the present action, one for alimony and another for equitable distribution, and attorney fees could still be awarded for those claims. See N.C. Gen. Stat. §§ 50-16.4 (permitting recovery of counsel fees in actions for alimony) and 50-21(e)(1) (permitting award of attorney fees as sanction against party in equitable distribution action who has "willfully obstructed or unreasonably delayed or attempted to obstruct or unreasonably delay any pending equitable distribution proceeding"). Since these claims are yet to be resolved, it is plausible that plaintiff may file another appeal in the coming months challenging those resolutions and/or another order for attorney fees arising out of the same civil action.
Plaintiff's opening brief failed to sufficiently state the grounds for appellate review over this interlocutory order, and we should not consider arguments advanced for the first time in a reply brief. However, even if it were proper to reach plaintiff's jurisdictional argument, I believe that he has failed to demonstrate that the interlocutory order for attorney fees affects a substantial right in this case and/or satisfies N.C. Gen. Stat. § 50-19.1. I respectfully dissent.

The Majority opinion recognizes that attorney fees are a "non-substantive issue" and not a "substantive claim."