SARAH CYNTHIA MUSICK, Plaintiff v. JOHN DAVID MUSICK, Defendant

No. COA09-557

(Filed 6 April 2010)

**Appeal and Error— interlocutory order—failure to show substantial right**

Defendant's appeal from an interlocutory order denying his motions for a new trial and for relief from judgment or order brought under N.C.G.S. § 1A-1, Rules 59(a) and 60 in a divorce case appeal was dismissed. Defendant would not lose a substantial right if the permanent alimony order was not reviewed before final judgment on the equitable distribution claim since it affected only the financial repercussions of the parties' divorce.

Appeal by defendant from order entered 14 January 2009 by Judge Thomas G. Taylor in Gaston County District Court. Heard in the Court of Appeals 28 October 2009.

*Carpenter & Carpenter, P.L.L.C., by James R. Carpenter, for plaintiff-appellee.*

*Deaton, Biggers & Hoza, P.L.L.C., by Lydia A. Hoza, for defendant-appellant.*

CALABRIA, Judge.

John David Musick ("defendant") appeals an order denying his motions for a new trial and for relief from judgment or order brought pursuant to N.C. Gen. Stat. § 1A-1, Rules 59(a) and 60 (2007). We dismiss defendant's appeal as interlocutory.

On 3 May 2005, Sarah Cynthia Musick ("plaintiff") filed an action in Gaston County, North Carolina, seeking, *inter alia,* post-separation support ("PSS"), permanent alimony and equitable distribution. On 17 May 2006, plaintiff and defendant entered into a mediated settlement agreement in which defendant agreed to pay plaintiff monthly PSS in the amount of $1,600.00. On 8 December 2006, plaintiff moved for a forensic accounting of the assets of defendant's company. On 3 May 2007, the trial court entered a consent order granting plaintiff access to defendant's personal and business financial records.

On 4 March 2008, the trial court entered a pre-trial order setting forth the issues of alimony and equitable distribution to be heard during the week of 26 May 2008. However, the case was not heard until the week of 3 September 2008. The trial court, over defendant's objection, continued the matter of equitable distribution and proceeded to hear plaintiff's alimony claim. Following the hearing, the trial court concluded that plaintiff was a dependent spouse, defendant was a supporting spouse, and ordered defendant to pay plaintiff monthly alimony in the amount of $3,500.00. Plaintiff's claim for attorney's fees was to be heard at a later date.

In a letter dated 5 September 2008 to defendant's counsel, the trial court requested a response regarding any objections, requests for additions, or corrections to a proposed permanent alimony order. The trial court gave defendant's counsel fourteen days to respond. On 15 September 2008, the trial court ordered defendant to pay $3,500.00 in monthly alimony as well as $9,240.00 for attorney's fees. The order specifically reserved the parties' equitable distribution claims for a later hearing.

On 23 September 2008, defendant moved for a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59 (a)(1), (7), and (9) (2007) ("Rule 59") and moved for relief from the order requiring him to pay plaintiff's attorney's fees, pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) and (6) (2007) ("Rule 60"). On that day, defendant also filed a notice of Objection and Exception to the permanent alimony order. On 14 January 2009, the trial court denied defendant's motions. Defendant appeals.

Defendant argues the trial court erred in denying his Rule 59 motion for a new trial and his motion for relief from judgment or order brought pursuant to Rule 60. The threshold issue to be addressed is whether defendant's appeal is premature.

"Although the parties have not raised this issue, whether an appeal is interlocutory presents a jurisdictional issue, and this Court has an obligation to address the issue *sua sponte*." *Webb v. Webb*, —— N.C. App. ——, ——, 677 S.E.2d 462, 463 (2009) (internal quotations, citations and brackets omitted). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *McIntyre v. McIntyre*, 175 N.C. App. 558, 561-62, 623 S.E.2d 828, 831 (2006) (quoting *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950)).

> While a final judgment is always appealable, an interlocutory order may be appealed immediately only if (i) the trial court certifies the case for immediate appeal pursuant to N.C.G.S. § 1A-1, Rule 54(b), or (ii) the order "affects a substantial right of the appellant that would be lost without immediate review."

*Id.* at 562, 623 S.E.2d at 831 (quoting *Embler v. Embler*, 143 N.C. App. 162, 165, 545 S.E.2d 259, 261 (2001)). The trial court did not certify the order pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b). Therefore, defendant's right to an immediate appeal, if one exists, depends on whether the trial court's order denying his motions affects a substantial right.

"A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Embler*, 143 N.C. App. at 165, 545 S.E.2d at 262 (internal quotations and citation omitted). "Whether an interlocutory appeal affects a substantial right is determined on a case by case basis." *Id.* at 166, 545 S.E.2d at 262 (citation omitted).

The decisions of our Courts make clear that an appeal of an equitable distribution order that explicitly leaves open the issue of alimony does not affect a substantial right because "[i]nterlocutory appeals that challenge only the financial repercussions of a separation or divorce generally have not been held to affect a substantial right." *Id.* (citations omitted). *See also Webb*, —— N.C. App. at ——, 677 S.E.2d at 464-65 (trial court's order awarding permanent alimony but leaving open another pending issue is interlocutory and does not affect a substantial right). Since the permanent alimony order affects only the financial repercussions of the parties' divorce, denying defendant's Rule 59 and 60 motions and proceeding with the equitable distribution hearing will not cause his rights to clearly be lost or irremediably affected. *Embler*, 143 N.C. App. at 166, 545 S.E.2d at 262.

Therefore, plaintiff's appeal of the permanent alimony order is not properly before us.

We note that defendant did not appeal from the permanent alimony order, but instead appealed from the order denying his Rule 59 and 60 motions. However, "[i]t is settled law that erroneous judgments may be corrected only by appeal[.]" *McKyer v. McKyer*, 182 N.C. App. 456, 460, 642 S.E.2d 527, 530 (2007) (quoting *Town of Sylva v. Gibson*, 51 N.C. App. 545, 548, 277 S.E.2d 115, 117 (1981)). Neither a Rule 59 motion nor a Rule 60 motion may be used as a substitute for an appeal. *Davis v. Davis*, 360 N.C. 518, 526, 631 S.E.2d 114, 120 (2006). The denial of defendant's Rule 59 and 60 motions does not alter the interlocutory nature of the underlying permanent alimony order.

Accordingly, because defendant will not lose a substantial right if the permanent alimony order is not reviewed before final judgment, we hold that his appeal is premature, and therefore dismiss his appeal as interlocutory.

Dismissed.

Judges HUNTER, Robert C. and GEER concur.