MURPHY, Judge.
 

 *414
 
 Stephen Sidney Wright ("Defendant") appeals from the trial court's order of default judgment and preliminary injunction, and order setting the cash bond to stay execution of the judgment and preliminary injunction. After careful review, we dismiss Defendant's appeal as interlocutory.
 

 Background
 

 In March 2013, Plaintiff contracted to provide Defendant a 2006 MTL20 Track Loader ("Track Loader"). After the contract was formed, Defendant took possession of the Track Loader in March 2013. On 16 February 2016, Plaintiff filed a civil summons and complaint in Currituck County District Court against Defendant alleging breach of this contract, including a request for injunctive relief. Defendant was served with the civil summons and complaint on 22 February 2016. On 30 March 2016, Plaintiff moved for entry of default, which was granted by the Currituck County Clerk of Superior Court. On 25 April 2016, Plaintiff filed a motion for default judgment. On 9 June 2016, Defendant through counsel filed a motion to set aside entry of default and default judgment, and a proposed answer. That same day, the trial court granted the default judgment and preliminary
 
 *476
 
 injunction. The trial court decreed that Plaintiff was entitled to take possession of the Track Loader. The trial court further ordered that Plaintiff was "entitled to a money judgment for rent-money owed upon future motion in the cause for damages[.]" The trial court entered the order on 14 June 2016. Defendant appealed from this order on 14 July 2016. The amount of the money judgment to be entered against Defendant has not yet been determined.
 

 Analysis
 

 At the outset, we note that the present appeal is interlocutory because the amount of the money judgement to be entered has not yet been determined.
 
 Heavner v. Heavner
 
 ,
 
 73 N.C.App. 331
 
 , 332,
 
 326 S.E.2d 78
 
 , 80,
 
 disc. review denied
 
 ,
 
 313 N.C. 601
 
 ,
 
 330 S.E.2d 610
 
 (1985) (explaining that an appeal is interlocutory if it "directs some further proceeding preliminary to the final decree"). Therefore, we must review whether we have jurisdiction over this appeal because "whether an appeal is interlocutory presents a jurisdictional issue, and this Court has an obligation to address the issue
 
 sua sponte
 
 ."
 
 Duval v. OM Hospitality
 
 ,
 
 LLC
 
 ,
 
 186 N.C.App. 390
 
 , 392,
 
 651 S.E.2d 261
 
 , 263 (2007) (citation, internal quotation marks, and brackets omitted).
 

 *415
 
 "Generally, there is no right of immediate appeal from an interlocutory order."
 
 Feltman v. City of Wilson
 
 ,
 
 238 N.C.App. 246
 
 , 250,
 
 767 S.E.2d 615
 
 , 618 (2014) (citation omitted). For an interlocutory appeal to be heard, the appellant must establish (1) that the trial court's order certified the case for appeal pursuant to N.C. R. Civ. P. 54(b) ; or (2) the order deprived the appellant of "a substantial right that will be lost absent review before final disposition of the case."
 
 Bessemer City Express, Inc. v. City of Kings Mountain,
 

 155 N.C.App. 637
 
 , 639,
 
 573 S.E.2d 712
 
 , 714 (2002) (citing N.C.G.S. §§ 1-277(a) and 7A-27(d)(1) (2001) ). Here, Defendant admits his appeal is interlocutory, but argues that we may hear this interlocutory appeal because the order affects a substantial right.
 
 [1]
 
 Specifically, he argues that the right of possession of the Track Loader, for which he claims to have made partial payment, as a means of earning a living "will be irreparably prejudiced if not reviewed before entry of the final money judgment." We disagree.
 

 "Although our courts have recognized the inability to practice one's livelihood and the deprivation of a significant property interest to be substantial rights," we have not recognized that an order that does not prevent the business
 
 as a whole
 
 from operating affects a substantial right.
 
 Bessemer City Express, Inc.
 
 ,
 
 155 N.C. App at 640
 
 ,
 
 573 S.E.2d at 714
 
 . Here, Defendant did not show how his business would be kept from operating as a whole as a result of the appealed order. Although he alleges that the loss of the Track Loader would irreparably prejudice him, he does not allege, nor does the record show, how the mere loss of the possession of the Track Loader would cause such prejudice. Nor does he argue that losing possession of the Track Loader would prevent Defendant from practicing his livelihood
 
 as a whole
 
 . As it was Defendant's burden to establish that a substantial right would be lost absent review before final disposition of the case, we cannot simply read the extent to which his business will be affected into the record.
 
 Jeffreys v. Raleigh Oaks Joint Venture
 
 ,
 
 115 N.C.App. 377
 
 , 379,
 
 444 S.E.2d 252
 
 , 253 (1994) ("[I]t is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal[.]")
 

 The amount of the money judgment to be entered against Defendant remains outstanding. Defendant's argument on appeal does not evince sufficient grounds for an interlocutory appeal. Thus, we have no jurisdiction to hear this matter at this time.
 

 *416
 

 Conclusion
 

 For the reasons stated above, Defendant's interlocutory appeal is dismissed.
 

 DISMISSED.
 

 Judges CALABRIA and DIETZ concur.
 

 [1]
 

 The trial court did not certify its order for immediate appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure.