IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-787

 Filed: 5 June 2018

Forsyth County, No. 15 CVD 5916

BRIAN CARTER BEASLEY, Plaintiff,

 v.

KATHERINE LEIGH BEASLEY, Defendant.

 Appeal by plaintiff from order entered 28 December 2016 by Judge Lisa V.L.

Menefee in Forsyth County District Court. Heard in the Court of Appeals 6 February

2018.

 Jones Law PLLC, by Brian E. Jones, for plaintiff-appellant.

 Halvorsen Bradshaw, PLLC, by Ruth I. Bradshaw for defendant-appellee.

 BRYANT, Judge.

 Where the trial court’s order for attorney’s fees effectively disposes of plaintiff’s

claim for attorney’s fees as they relate to the issues of child support and child custody;

and plaintiff’s interlocutory appeal affects a substantial right, we review plaintiff’s

appeal. Where the trial court’s findings of fact are supported by competent evidence

and in turn support the conclusion that defendant is entitled to receive a portion of

her attorney’s fees, we affirm the order of the trial court.

 Plaintiff Brian Carter Beasley and defendant Katherine Leigh Beasley were

married for sixteen years. The parties separated on 2 September 2015. They have

one minor child, currently seven years old.
 BEASLEY V. BEASLEY

 Opinion of the Court

 Plaintiff initiated the instant lawsuit on 25 September 2015 by filing claims

for child custody, child support, motion for medical records of defendant, and

attorney’s fees. Defendant filed a Motion to Strike, Answer, and Counterclaims on

23 November 2015. Meanwhile, the parties were unable to reach a mediated

parenting agreement as to child custody.

 When the cross-claims for child custody came on for hearing on 18 February

2016, the parties resolved the issue by consent in a Memorandum of Judgment/Order

entered that same day. A consent order for child custody was entered on 29 July 2016

nun pro tunc 18 February 2016, which reserved any and all pending claims, including

but not limited to attorney’s fees. Pursuant to the consent order, the parties also

agreed that defendant would relocate from Winston-Salem, North Carolina, to

Madison County, Alabama, in May 2016. In April, the parties entered into a Consent

Order to Sell Former Marital Residence, in which they agreed the funds from the sale

of the marital home would be held in the parties’ attorneys’ trust accounts until

resolution of the pending cross-claims for equitable distribution.

 Plaintiff and defendant again reached an impasse at private mediation. On 31

May, the parties proceeded to a hearing before the Honorable Lisa V. L. Menefee,

Chief Judge presiding in Forsyth County District Court on the pending cross-claims

for child support and defendant’s claim for post-separation support. Judge Menefee

rendered an oral ruling for plaintiff to pay defendant child support and post-

 -2-
 BEASLEY V. BEASLEY

 Opinion of the Court

separation support. Thereafter, the trial court entered its written order on 5 July

2016 nunc pro tunc 31 May 2016 which detailed that beginning on 1 June 2016 “and

continuing on the first day of the month thereafter,” plaintiff was to pay defendant

$3,445.93 in post-separation support and $1,116.00 in child support.

 On 12 July 2016, defendant filed a motion for contempt, attorney’s fees, and a

show cause order asking the trial court to hold plaintiff in civil and/or criminal

contempt for failing to pay child support or post-separation support. Defendant’s

motion alleged that plaintiff owed defendant “at least $1,116 in child support arrears

and at least $5,168.91 in post-separation support arrears.” Defendant alleged that

as of the date of filing the motion,

 [p]laintiff ha[d] failed to comply with the Order in that the
 only money [p]laintiff has given [d]efendant is one check on
 June 8, 2016 in the amount of $1,116 for child support.
 Defendant cashed the check on June 9 or 10th at State
 Employees’ Credit Union (SECU). On or about June 14,
 2016, [d]efendant received a call from SECU notifying her
 that [p]laintiff’s BB&T check bounced. SECU began
 seeking fees and reimbursement from [d]efendant.

That same day, the trial court entered a show cause order, ordering plaintiff to appear

in Forsyth County District Court on 25 July 2016.

 On 22 July 2016, plaintiff filed a motion to continue, stating that he had moved

to Alabama where he had taken a new job and that he had been unemployed for

several weeks leading up to his move. As such, plaintiff argued, he was financially

unable to comply with the 5 July 2016 order. Plaintiff’s motion was denied. When

 -3-
 BEASLEY V. BEASLEY

 Opinion of the Court

plaintiff failed to appear on 25 July on the show cause order, the Honorable Camille

Banks-Payne, Judge presiding, entered a Commitment Order for Civil Contempt

against plaintiff.

 On 31 August 2016, defendant noticed for hearing the issue of attorney’s fees

related to her resolved claims for child custody, child support, and post-separation

support, and the hearing was set for 26 October 2016. At the hearing, the court

received into evidence, without objection, the affidavit of attorney’s fees of defendant’s

counsel. On 28 December 2016 nunc pro tunc 26 October 2016, the trial court entered

its Order for Attorney’s fees, stating it had considered the “voluminous pleadings of

record to include[,] but not limited to[,] the Order for Child Support and Order for

Post-Separation Support[,] . . . the Consent Order for Child Custody[,]. . . the motions

to continue, . . . the verified Affidavit of Attorney’s fees presented by Defendant’s

counsel, and arguments of counsel[.]” The trial court ordered that “Plaintiff shall pay

directly to Defendant’s attorneys . . . attorney’s fees in the total amount of $48,188.15

by no later than December 31, 2016.” Plaintiff appeals.

 _________________________________________________________

 Plaintiff concedes that his appeal from the trial court’s Order for Attorney’s

Fees is interlocutory, as other claims in this case remain outstanding. We first

address the interlocutory nature of plaintiff’s appeal.

 -4-
 BEASLEY V. BEASLEY

 Opinion of the Court

 “An interlocutory order is one made during the pendency of an action, which

does not dispose of the case, but leaves it for further action by the trial court in order

to settle and determine the entire controversy.” Musick v. Musick, 203 N.C. App. 368,

370, 691 S.E.2d 61, 62–63 (2010) (quoting McIntyre v. McIntyre, 175 N.C. Ap. 558,

561–62, 623 S.E.2d 828, 831 (2006)).

 While a final judgment is always appealable, an
 interlocutory order may be appealed immediately only if (i)
 the trial court certifies the case for immediate appeal
 pursuant to N.C.G.S. § 1A-1, Rule 54(b), or (ii) the order
 “affects a substantial right of the appellant that would be
 lost without immediate review.”

Id. at 370, 691 S.E.2d at 63 (quoting McIntyre, 175 N.C. App. at 562, 623 S.E.2d at

831). As the trial court in the instant case did not certify the order for attorney’s fees

pursuant to N.C. Gen. Stat. § 1A–1, Rule 54(b), plaintiff’s right to an immediate

appeal, if one exists, necessarily depends on whether the trial court’s order denying

his motion affects a substantial right. See id. (citation omitted).

 “The burden is on the appellant to establish that a substantial right will be

affected unless he is allowed immediate appeal from an interlocutory order.” Embler

v. Embler, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001) (citation omitted).

“Th[e] [substantial right] rule is grounded in sound policy considerations. Its goal is

to ‘prevent fragmentary and premature appeals that unnecessarily delay the

administration of justice and to ensure that the trial divisions fully and finally

 -5-
 BEASLEY V. BEASLEY

 Opinion of the Court

dispose of the case before an appeal can be heard.’ ” Id. at 165, 545 S.E.2d at 261–62

(quoting Bailey v. Gooding, 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980)).

 However, “an order which completely disposes of one of several issues in a

lawsuit affects a substantial right.” Case v. Case, 73 N.C. App. 76, 78, 325 S.E.2d

661, 663 (1985) (citation omitted) (allowing immediate appeal of the trial court’s entry

of summary judgment on the defendant’s counterclaim for equitable distribution as

it affected a substantial right, even though claims for absolute divorce, child custody,

and child support were still pending in the trial court).

 In August 2013, the following statutory provision (“Maintenance of certain

appeals allowed”) became effective and applies to the instant appeal:

 Notwithstanding any other pending claims filed in the
 same action, a party may appeal from an order or judgment
 adjudicating a claim for absolute divorce, divorce from bed
 and board, child custody, child support, alimony, or
 equitable distribution if the order or judgment would
 otherwise be a final order or judgment within the meaning
 of G.S. 1A-1, Rule 54(b), but for the other pending claims
 in the same action. A party does not forfeit the right to
 appeal under this section if the party fails to immediately
 appeal from an order or judgment described in this section.
 An appeal from an order or judgment under this section
 shall not deprive the trial court of jurisdiction over any
 other claims pending in the same action.

N.C. Gen. Stat. § 50-19.1 (2017). In other words, this provision creates a kind of

intermediate class of “quasi-interlocutory” orders that would be final if considered in

 -6-
 BEASLEY V. BEASLEY

 Opinion of the Court

isolation, but would technically not otherwise be “final” under Rule 54(b) because

another related claim (or “issue”) is still pending in the larger action. See id.

 In Comstock v. Comstock, this Court dismissed attempted interlocutory

appeals from an injunction order and domestic relations order on the grounds that

these types of orders “are not included on the list of immediately appealable

interlocutory orders.” 240 N.C. App. 304, 322, 771 S.E.2d 602, 615 (2015) (citing

N.C.G.S. § 50–19.1). Based on this reasoning and interpretation of section 50-19.1, it

appears this Court was guided by the doctrine of expressio unius est exclusio alterius,

which, in the context of statutory construction, “provides that the mention of such

specific exceptions implies the exclusion of others.” Morrison v. Sears, Roebuck &

Co., 319 N.C. 298, 303, 354 S.E.2d 495, 498 (1987) (citations omitted). In other words,

this reasoning in Comstock implies that only the types of orders specifically included

on the list in Section 50-19.1—absolute divorce, divorce from bed and board, child

custody, child support, alimony, or equitable distribution—may be appealed pursuant

to N.C. Gen. Stat. § 50-19.1. Not “specifically included on the list” of claims in section

50-19.1 are any of the provisions for attorney’s fees included in Chapter 50. See, e.g.,

N.C. Gen. Stat. § 50-13.6 (2017) (“Counsel fees in actions for custody and support of

minor children”); N.C. Gen. Stat. § 50-16.4 (2017) (“Counsel fees in actions for

alimony, post-separation support”). Following the reasoning in Comstock and the

doctrine of expresio unius est exlcusio alterius, it could be inferred that the

 -7-
 BEASLEY V. BEASLEY

 Opinion of the Court

legislature’s intent in excluding orders for attorney’s fees from section 50-19.1 means

these issues are not appealable (when interlocutory) under this provision. See

Comstock, 240 N.C. App. at 322–23, 771 S.E.2d at 615.

 However, Duncan v. Duncan, 366 N.C. 544, 742 S.E.2d 799 (2013), which was

decided in June 2013—two months before N.C. Gen. Stat. § 50-19.1 was enacted, see

N.C. Sess. Laws 2013-411, § 2, eff. Aug. 23, 2013—possibly complicates this issue.

 In Duncan, the Supreme Court “clarif[ied] the effect of an unresolved request

for attorney’s fees on an appeal from an order that otherwise fully determines the

action.” 366 N.C. at 545, 742 S.E.2d at 800. The Supreme Court held that

 [o]nce the trial court enters an order that decides all
 substantive claims, the right to appeal commences. Failure
 to appeal from that order forfeits the right. Because
 attorney’s fees and costs are collateral to a final judgment
 on the merits, an unresolved request for attorney’s fees and
 costs does not render interlocutory an appeal from the trial
 court’s order.

Id. (emphasis added). In other words, (1) “attorney’s fees” is a non-substantive

“issue,” and not a substantive “claim” (at least in relation to a claim for alimony); and

(2) entry of an alimony order constitutes entry of a final order for purposes of Rule

54(b), notwithstanding the fact that a related attorney’s fees “issue” might still be

pending. See id. at 546, 742 S.E.2d at 801 (“Though an open request for attorney’s

fees and costs necessitates further proceedings in the trial court, the unresolved issue

does not prevent judgment on the merits from being final.” (internal citations

 -8-
 BEASLEY V. BEASLEY

 Opinion of the Court

omitted)). Thus, per the analysis set forth in Duncan, a pending attorney’s fees

“issue” would not count as a pending “claim” for purposes of Section 50-19.1. See id;

but see N.C. Sess. Laws 2013-411, § 2, eff. Aug. 23, 2013 (enacting N.C. Gen. Stat. §

50-19.1 two months after Duncan was decided). Notably, neither Duncan nor

Comstock (nor any other case) has interpreted N.C. Gen. Stat. § 50-19.1 through the

particular factual lens facing us in the instant appeal.

 Here, the trial court’s order as to attorney’s fees has effectively (and

completely) disposed of the “issue” of attorney’s fees relating to the parties’ “claims”

for child support, child custody, and post-separation support. These substantive

“claims” (for child support, child custody, and post-separation support), see Duncan,

366 N.C. at 545–46, 742 S.E.2d at 800–01, have been fully litigated and decided, as

has the “issue” of attorney’s fees as it relates to the aforementioned claims. The

parties’ claims for equitable distribution, however, remain pending before the trial

court. Thus, the question we are presented with is whether an order for attorney’s

fees, which completely disposes of that issue as it relates to other substantive claims,

is immediately appealable pursuant to N.C. Gen. Stat. § 50-19.1; particularly where,

as here, it is nevertheless “an order which completely disposes of one of several issues

in a lawsuit,” and it arguably “affects a substantial right.” See Case, 73 N.C. App. at

78, 325 S.E.2d at 663 (“[A]n order which completely disposes of one of several issues

in a lawsuit affects a substantial right.” (citation omitted)).

 -9-
 BEASLEY V. BEASLEY

 Opinion of the Court

 In Case, the trial court’s order for partial summary judgment “concluded that

[a] separation agreement [between the plaintiff and the defendant] was valid” and

therefore the agreement served as “a bar to the [defendant’s] counterclaim for

equitable distribution[.]” Id. at 78–79, 325 S.E.2d at 663. In other words, the order

“completely dispose[d] of the issue of equitable distribution,” including the

defendant’s counterclaim for equitable distribution, “thereby affecting a substantial

right of [the] defendant and rendering the appeal reviewable.” Id.; see Honeycutt v.

Honeycutt, 208 N.C. App. 70, 75, 701 S.E.2d 689, 692–93 (2010) (discussing the

reasoning in Case regarding why an interlocutory appeal should be heard and how it

affected a defendant’s substantial right).

 Here, the trial court’s order as to attorney’s fees functions in a similar way as

did the order in Case, which barred the defendant’s counterclaim for equitable

distribution—it effectively disposes of plaintiff’s claim for attorney’s fees as they

relate to the litigating of the issues of child support, child custody, and post-

separation support. In plaintiff’s original complaint,1 he included a claim for

attorney’s fees. The child support, child custody, and post-separation support claims

have been fully litigated and decided, and the issue of attorney’s fees as it relates to

the aforementioned claims has also been finally determined. As such, to delay

 1 On 9 January 2016, plaintiff filed a motion to amend his complaint in order to include a claim
for equitable distribution. There is nothing in the record to indicate whether this motion to amend
was allowed by the court.

 - 10 -
 BEASLEY V. BEASLEY

 Opinion of the Court

plaintiff’s appeal from the order regarding attorney’s fees until a final determination

on the merits of all the parties’ remaining claims would jeopardize plaintiff’s

substantial right not only because it is “an order which completely disposes of one of

several issues in a lawsuit . . . .” Case, 73 N.C. App. at 78, 325 S.E.2d at 663 (citation

omitted), but also because it orders plaintiff to pay a not insignificant amount—

$48,188.15—in attorney’s fees, see Estate of Redden ex rel. Morely v. Redden, 179 N.C.

App. 113, 116–17, 632 S.E.2d 794, 798 (2006) (“The Order appealed affects a

substantial right of [the] Defendant . . . by ordering her to make immediate payment

of a significant amount of money; therefore this Court has jurisdiction over the

Defendant’s appeal pursuant to N.C. Gen. Stat. 1–277 and N.C. Gen. Stat. 7A–27(d).”

(citations omitted)), remanded on other grounds, 361 N.C. 352, 649 S.E.2d 638 (2007).

 Furthermore, this Court has allowed interlocutory family law appeals from

orders which “affect a substantial right.” In Sorey v. Sorey, this Court held that an

order denying a claim for post-separation support (a claim not included in the list of

immediately appealable claims in section 50-19.1) affected a substantial right and,

thus, was subject to immediate interlocutory appeal. 233 N.C. App. 682, 684, 757

S.E.2d 518, 519 (2014) (relying on Mayer v. Mayer, 66 N.C. App. 522, 525, 311 S.E.2d

659, 662 (1984)); see also McConnell v. McConnell, 151 N.C. App. 622, 624–25, 566

S.E.2d 801, 803–04 (2002) (allowing an interlocutory appeal from a child custody

 - 11 -
 BEASLEY V. BEASLEY

 Opinion of the Court

order based on a “substantial right” where a child was deemed to be subject to an

immediate threat of sexual molestation).

 We conclude that while N.C. Gen. Stat. § 50-19.1 restricts interlocutory family

law appeals to those claims listed in that section, an avenue for appeal nevertheless

exists. Based on this Court’s precedent, which has allowed interlocutory appeals in

family law cases based on a “substantial right,” we determine that the traditional

“substantial right” exception may also apply to other interlocutory orders entered in

a family law case—such as the one here for attorney’s fees—but that do not appear

listed in section 50-19.1. As such, we consider the merits of plaintiff’s appeal.

 ___________________________________________

 Plaintiff argues (I) the trial court abused its discretion when it awarded

$48,188.15 in attorney’s fees because Findings of Fact 14–24 are unsupported by

competent evidence and (II) the trial court’s findings of fact do not in turn support

the conclusion that defendant be awarded attorney’s fees.

 I

 Plaintiff first argues Findings of Fact 14–24 are unsupported by competent

evidence. Specifically, plaintiff contends that the findings are unsupported by

competent evidence because the trial transcript indicates that “the trial court heard

no evidence of any kind . . . . There was no testimony taken at the hearing, and no

evidence that would establish that [defendant] is the dependent spouse or that she

 - 12 -
 BEASLEY V. BEASLEY

 Opinion of the Court

lacked means and ability to defray the cost of the litigation.” However, defendant

argues that plaintiff has waived his right to review of this issue because he failed to

properly preserve for appellate review his challenges to Findings of Fact 14–24. We

first address defendant’s waiver argument.

 “ ‘In order to preserve an issue for appellate review, a party must have

presented to the trial court a timely request, objection, or motion, stating the specific

grounds for the ruling the party desired’ and must have ‘obtain[ed] a ruling upon the

party’s request, objection, or motion.’ ” In re J.H., 224 N.C. App. 255, 269, 789 S.E.2d

228, 239 (2015) (alteration in original) (quoting N.C. R. App. P. 10(a)(1)).

 A. Finding of Fact 14

 In the instant case, plaintiff’s attorney objected to the trial court’s decision to

not hear evidence and to incorporate findings from affidavits and prior hearings:

 [Plaintiff’s attorney]: . . . I just wanted to object for the
 record to findings being incorporated from a prior hearing.
 I don’t believe that hearing -- I could be wrong. I don’t
 believe that hearing was noticed for attorney’s fees.

 THE COURT: You are correct. It was not noticed for
 attorney’s fees. Attorney’s fees were reserved for a later
 date. However, continue.

 [Plaintiff’s attorney]: Just again for the record, so I would
 object to any findings being incorporated from a prior
 hearing at this point because of facts that existed at the
 time that that hearing was for [post-separation support]
 are different from the facts that exist today. The motion for
 attorney’s fees was noticed for today. So we are here to
 adjudicate facts as they exist today, primarily [defendant’s]

 - 13 -
 BEASLEY V. BEASLEY

 Opinion of the Court

 allegation that she does not have the means and ability to
 defray the cost of litigation. So I would argue that I have
 the -- I should be able to require that [defendant] take the
 stand and present evidence in the form of testimony or
 otherwise and I have the opportunity to cross-examine her
 on that evidence, testimony or otherwise.
 I -- I do not have the opportunity to do that, and I
 would just argue that that would need to be the basis for
 which the Court makes its findings of fact and so that is my
 sole objection at this point.

Plaintiff’s attorney objected again at the end of the hearing:

 I had no contention whatsoever about a single minute that
 [defendant’s attorney] is alleging that she or her staff or
 anyone in her office spent on this case. None of my objection
 is rooted in that, so I just want to make that clear.
 My objection is simply limited to the vary narrow
 proposition that the facts need to be provided today in this
 hearing for the Court to make its findings of fact, and there
 is no testimony today and no -- therefore, no facts upon
 which the Court can make its findings of fact. I understand
 the Court’s position, but I’m just making that limited
 objection and that anything that [defendant’s attorney]
 says in the form of facts about the case I would -- I would
 object to that because [defendant’s attorney] can’t testify as
 a witness.
 But none of my objections are aimed at any amount
 of time that [defendant’s attorney] or her office or staff has
 -- has had to partake to get these things to whatever phases
 they had to . . . .

 Defendant appears to challenge plaintiff’s failure to object to specific findings

of fact—14–24—but ignores the crux of plaintiff’s objection, which was that no

additional evidence was presented to the trial court; and therefore, no basis existed

upon which the court could make those findings of fact. As such, plaintiff’s objection

 - 14 -
 BEASLEY V. BEASLEY

 Opinion of the Court

to the trial court’s method of making its findings without hearing evidence is

sufficient to preserve his challenge on appeal to the substance of the trial court’s

findings of fact as not supported by competent evidence. Accordingly, we conclude

plaintiff properly preserved his objection to Findings of Fact 14–24 for appellate

review, and we next address the merits of plaintiff’s argument.

 Pursuant to N.C. Gen. Stat. § 50-16.4, a party is entitled to attorney’s fees for

a post-separation support claim if the party is “(1) the dependent spouse, (2) entitled

to the underlying relief demanded (e.g., alimony and/or child support), and (3)

without sufficient means to defray the costs of litigation.” Barrett v. Barrett, 140 N.C.

App. 369, 374, 536 S.E.2d 642, 646 (2000) (citing Clark v. Clark, 301 N.C. 123, 135–

36, 271 S.E.2d 58, 67 (1980)). Pursuant to N.C. Gen. Stat. § 50-13.6, in a case

involving claims for child custody and child support, the trial court has authority to

award a party attorney’s fees after first finding that the party seeking attorney’s fees

was “(1) acting in good faith and (2) has insufficient means to defray the expense of

the suit.” Burr v. Burr, 153 N.C. App. 504, 506, 570 S.E.2d 222, 224 (2002) (citation

omitted). “When the statutory requirements have been met, the amount of attorney’s

fees to be awarded rests within the sound discretion of the trial judge and is

reviewable on appeal only for abuse of discretion.” Id. (quoting Hudson v. Hudson,

299 N.C. 465, 472, 263 S.E.2d 719, 724 (1980)).

 - 15 -
 BEASLEY V. BEASLEY

 Opinion of the Court

 In Schneider v. Schneider, this Court determined that where a trial court held

a hearing on the issue of attorney’s fees, considered documentary exhibits, and, inter

alia, “explicitly noted that the order was based not just on this hearing, but also on

the evidence presented at the hearings regarding the other matters at issue[,]” the

findings of fact in a trial court’s order awarding attorney’s fees was supported by

competent evidence. ___ N.C. App. ___, ___, 807 S.E.2d 165, 167 (2017). Similarly,

in the instant case, the trial court noted in its order that it “considered the voluminous

pleadings of record to include but not be limited to the Order for Child Support and

Order for Post-Separation Support . . . the Consent Order for Child Custody . . . the

motions to continue, . . . the verified Affidavit of Attorney’s fees presented by

Defendant’s counsel, and arguments of counsel . . . .”

 However, unlike the hearing in Schneider, at which the party challenging the

trial court’s award of attorney’s fees testified, in the instant case, neither party

testified at the hearing. Instead, as the trial court stated in Finding of Fact 14, which

plaintiff challenges on appeal, the trial court found as follows:

 14. The Court is not in receipt of any additional
 evidence and is relying upon the Findings of Fact as set
 forth in the Custody Order and the Support Order.
 Additionally, the Court incorporates the Findings of Fact
 as set forth in the Custody Order and the Support Order
 into this Attorney’s fees Order as set forth fully herein.

In other words, the trial court allowed no new evidence (aside from the affidavit for

attorney’s fees) and otherwise relied solely on the findings of fact in other orders,

 - 16 -
 BEASLEY V. BEASLEY

 Opinion of the Court

which regarded issues of custody and support and were not related to attorney’s fees.

 These differences between the order for attorney’s fees entered in the instant

case and the one entered in Schneider notwithstanding, we conclude that the trial

court did not abuse its discretion when it relied on the voluminous pleadings and the

court record, including the Custody and Support Orders, neither of which have been

challenged or appealed by plaintiff. Nevertheless, plaintiff challenges the following

findings of fact in the trial court’s order, including Finding of Fact 14 discussed above,

as not supported by competent evidence, and we address each finding in turn.

 B. Findings of Fact 15–16

 15. Upon information and belief, Plaintiff left his
 employment at BB&T and moved to Alabama. The Court
 has received no information as to his current income nor
 his individual and shared expenses.

 16. As addressed in the Custody Order and Support
 Order, Defendant relocated from North Carolina to
 Alabama in June 2016, and the Support Order includes a
 finding of fact that Defendant estimated her expenses after
 the move to Madison, Alabama would equate those of the
 former marital residence to ensure the minor child attends
 a comparable school to Vienna Elementary and to maintain
 her accustomed standard of living for herself and the minor
 child.

 These findings are supported by the trial court’s Custody Order, Support

Order, and plaintiff’s own motion to continue filed in July 2016, in which he stated

he had moved to Alabama and begun a new job there. In his amended complaint,

which included a motion for attorney’s fees, plaintiff did not include an affidavit

 - 17 -
 BEASLEY V. BEASLEY

 Opinion of the Court

detailing those fees, nor did he include updated information as to his current income

since his move to Alabama. Thus, these findings are supported by the evidence.

 C. Findings of Fact Nos. 17, 19–20, 22

 17. A review of the Affidavit for Attorney’s fees
 presented by Defendant movant through counsel includes
 a summary of attorney’s fees as of September 30, 2016, as
 follows:

 a. Total fees related to Child Custody equal
 $32,199.00;

 b. Total fees related to Child Support equal
 $16,722.15;

 c. Total fees related to Post-Separation Support
 equal $16,700.41; and

 d. Total costs related to child custody, child
 support, and post-separation support equal
 $3,566.00.

 ....

 19. The normal and reasonable value of the legal
 services rendered on behalf of Plaintiff for an attorney of
 the experience and expertise of Ruth I. Bradshaw is $250
 per hour and for legal assistant/ paralegal time is at least
 $75 per hour. The law firm of Halvorsen Bradshaw, PLLC
 having spent over 100 hours in connection with Plaintiff, a
 reasonable fee through September 30, 2016, would be at
 least $64,928.78 for Defendant’s claims for child custody,
 child support, and post-separation support. These fees and
 hourly rates are customary in this area.

 20. Defendant is an interested party acting in good
 faith who has insufficient means to defray the expense of
 this suit, including attorney’s fees, and Plaintiff should be

 - 18 -
 BEASLEY V. BEASLEY

 Opinion of the Court

 required to pay a portion of the expense of this suit,
 including attorney’s fees. Counsel for Defendant’s use of
 paralegals and legal assistants was appropriate and
 consistent with how staff members are utilized and billed
 in matters like Defendant’s claims for child custody, child
 support, and post-separation support. This Court reviewed
 the Affidavit for Attorney’s fees, and the amount of time
 that was spent by Ms. Bradshaw and her staff to prepare
 for the trial of child custody a minimum of three times
 custody, to prepare for the trial of child support and post-
 separation support, to prepare for hearing only for the
 hearings to be continued, to prepare for depositions, to
 issue, reissue, and reissue subpoenas, respond to motions,
 and overall the time and energy spent in dealing with what
 had become a highly litigious matter.

 ....

 22. As set forth in the Affidavit for Attorney’s fees
 filed on October 26, 2016, by Defendant’s counsel, from the
 beginning of representation concerning Defendant’s
 counterclaims for child custody, child support, post-
 separation support, and attorney’s fees, the attorneys have
 consulted with Defendant, counseled and advised
 Defendant, prepared pleadings and other documents, and
 otherwise prepared for the hearings of these matters. From
 the beginning of this litigation, Defendant’s counsel has
 conferred with her at length and at frequent intervals. The
 nature of the litigation, its difficulty, and its substance
 required these conferences and necessitated preparation
 for litigation.

 The Affidavit for Attorney’s fees lists the total fees related to child custody as

$32,199.22, the total fees related to child support as $16,722.15, and the total fees

related to post-separation support as $16,007.41. In sum, these fees total $64,928.78,

the exact amount listed in Finding of Fact 19. Findings of Fact 19 and 22 are also

 - 19 -
 BEASLEY V. BEASLEY

 Opinion of the Court

supported by paragraphs 2 and 6, respectively, in the Affidavit for Attorney’s fees.

Thus, Findings of Fact 17, 19, and 22 are supported by the evidence.

 The first sentence of Finding of Fact 20, however, is actually a conclusion of

law and will be reviewed as such and addressed in Section II, infra. See China Grove

152, LLC v. Town of China Grove, 242 N.C. App. 1, 5, 773 S.E.2d 566, 569 (2015)

(“[T]he labels ‘findings of fact’ and ‘conclusions of law’ employed by the trial court in

a written order do not determine the nature of our review.” (quoting Westmoreland v.

High Point Healthcare, Inc., 218 N.C. App. 76, 79, 721 S.E.2d 712, 716 (2012)). As

for the remainder of this finding, it is supported by the extensive filings present in

the record before this Court and before the trial court. The record contains almost

400 pages of motions and trial court orders, including several amended filings of

notices of depositions, motions for extensions of time, and four motions to continue;

three of which were filed by plaintiff. Accordingly, this finding is supported by

competent evidence.

 D. Findings of Fact 18 & 23

 18. Defendant’s attorney’s fees are reasonable in
 light of the parties’ respective earnings (wherein
 Defendant earns approximately 0% of the income and
 Plaintiff earns approximately 100% of the income) and all
 facts set forth in the Custody Order and Support Order.

 ....

 23. Defendant is unable to employ adequate counsel
 in order to proceed as a litigant to meet Plaintiff as a

 - 20 -
 BEASLEY V. BEASLEY

 Opinion of the Court

 litigant in this action[.]

 These findings are supported by the evidence namely, the Support Order,

which states that “Plaintiff earns 100% of the combined income. Defendant earns 0%

of the combined income.”

 E. Findings of Fact 21 & 24

 21. Counsel for Plaintiff is holding approximately
 $85,000 in his trust account and Counsel for Defendant is
 also holding approximately $85,000 in her trust account,
 with said total equaling approximately $170,000
 representing the proceeds from the sale of the former
 marital residence. The Court finds that both parties may
 have access to some funds in relation to the sale of the
 former marital residence, which could be utilized to pay
 their respective fees. The parties’ claims for equitable
 distribution have not been resolved or decided by the
 Court. The Court is taking into consideration each parties’
 access to the funds held in trust by counsel in the
 determination of allocation of attorney’s fees.

 ....

 24. As it relates to the claims for child custody
 Defendant has the means, ability, and some responsibility
 for a portion of her attorney’s fees, the Court allocates to
 Plaintiff attorney’s fees in the amount of $21,466.00.

 Plaintiff challenges Finding of Fact 21 as tending to “disprove the conclusion

that defendant lacks sufficient means” to defray the cost of the litigation. However,

as to the trial court’s determination of whether the statutory requirements have been

met as a matter of law in order to award attorney’s fees, “[d]isparity of financial

resources and the relative estates of the parties is not a required consideration.” Cox

 - 21 -
 BEASLEY V. BEASLEY

 Opinion of the Court

v. Cox, 133 N.C. App. 221, 231, 515 S.E.2d 61, 68 (1999) (citing Taylor v. Taylor, 343

N.C. 50, 54, 468 S.E.2d 33, 35 (1996)). As such, where this finding is supported by

the evidence in the record, and the trial court’s Finding of Fact 24 plainly

contemplates the amount of funds available to defendant in her trust account,

plaintiff’s argument on this point is overruled.

 Accordingly, where the competent evidence supported the trial court’s

Findings of Fact 14–24, see Beall v. Beall, 290 N.C. 669, 673, 228 S.E.2d 407, 409

(1976) (“When the trial judge is authorized to find the facts, his findings, if supported

by competent evidence, will not be disturbed on appeal despite the existence of

evidence which would sustain contrary findings.” (citations omitted)), we now address

whether these findings support the trial court’s conclusion that defendant is entitled

to receive a portion of her attorney’s fees from plaintiff.

 II

 Plaintiff also argues that the trial court’s findings of fact do not support the

trial court’s conclusion of law that defendant should be awarded attorney’s fees.

Specifically, plaintiff argues the Order for Attorney’s fees does not establish that

defendant is in fact a dependent spouse or that she lacks sufficient means to defray

the costs of her legal expenses. We disagree.

 In a custody suit or a custody and support suit, the trial
 judge . . . has the discretion to award attorney’s fees to an
 interested party when that party is (1) acting in good faith
 and (2) has insufficient means to defray the expense of the

 - 22 -
 BEASLEY V. BEASLEY

 Opinion of the Court

 suit. The facts required by the statute must be alleged and
 proved to support an order for attorney’s fees. Whether
 these statutory requirements have been met is a question
 of law, reviewable on appeal. When the statutory
 requirements have been met, the amount of attorney’s fees
 to be awarded rests within the sound discretion of the trial
 judge and is reviewable on appeal only for abuse of
 discretion.

Hudson, 299 N.C. at 472, 263 S.E.2d at 723–24 (internal citations omitted).

 The order for attorney’s fees contains detailed findings of fact, see Section I,

supra, which clearly establish and support the trial court’s conclusion of law that

defendant is a dependent spouse with insufficient means to defray the cost of her

legal expenses incurred in this litigation. The trial court specifically found that

“Defendant is the ‘dependent spouse,’ ” and “Plaintiff is the ‘supporting spouse,’ ” two

findings which plaintiff does not challenge on appeal and are therefore presumed

correct and binding on appeal. See In re Schiphof, 192 N.C. App. 696, 700, 666 S.E.2d

497, 500 (2008). These findings are also supported by the trial court’s Support Order

(incorporated by reference), which plaintiff did not appeal, and which ordered

plaintiff to pay post-separation support to defendant in the amount of $3,445.93 per

month.

 Thus, where the trial court’s findings of fact support its conclusion that

defendant “is the dependent spouse, is entitled to post-separation support and has

insufficient means to defray her expenses and taking into account Plaintiff is the

supporting spouse and his ability to pay . . . Defendant is entitled to receive a portion

 - 23 -
 BEASLEY V. BEASLEY

 Opinion of the Court

of her attorney’s fees[,]” and where “the amount of attorney’s fees to be awarded rests

within the sound discretion of the trial judge and is reviewable on appeal only for

abuse of discretion[,]” Burr, 153 N.C. App. 504, 506, 570 S.E.2d 222, 224 (emphasis

added) (quoting Hudson, 299 N.C. at 472, 263 S.E.2d at 724), we affirm the order of

the trial court.

 AFFIRMED.

 Judge BERGER concurs in the result only.

 Judge MURPHY dissents in a separate opinion.

 - 24 -
 No. COA17-787 – Beasley v. Beasley

 MURPHY, Judge, dissenting.

 In reaching the merits of this appeal, the Majority concludes that the order

requiring plaintiff to pay $48,188.15 in attorney fees affects a substantial right

warranting immediate appellate review because it is “an order which completely

disposes of one of several issues in a lawsuit” and “it orders plaintiff to pay a not

insignificant amount—$48,188.15—in attorney’s fees.” I respectfully dissent from

the Majority’s exercise of jurisdiction over this interlocutory appeal because I do not

believe that plaintiff has met his burden to demonstrate that the order for $48,188.15

in attorney fees affects a substantial right.

 Initially, I note plaintiff’s theory of substantial right, upon which the Majority

predicates the exercise of jurisdiction, was not included in plaintiff’s opening brief; it

was only addressed in his reply brief. Under our Rules of Appellate Procedure, the

appellant’s brief shall contain a “statement of the grounds for appellate review[,]” and

when an appeal is interlocutory “the statement must contain sufficient facts and

argument to support appellate review on the ground that the challenged order affects

a substantial right.” N.C. R. App. P. 28(b)(4) (emphasis added). It is the appellant’s

“burden to establish that a substantial right will be affected unless he is allowed

immediate appeal from an interlocutory order[.]” McConnell v. McConnell, 151 N.C.

App. 622, 625, 566 S.E.2d 801, 804 (2002).

 The Statement of the Grounds for Appellate Review in the opening brief

provides no substantive argument explaining how the order for attorney fees affects
 BEASLEY V. BEASLEY

 MURPHY, J., dissenting.

a substantial right of the party seeking review. Rather, the opening brief contains a

single conclusory statement that the order affects a substantial right and a citation

to Peeler v. Peeler, a case overruled over 35 years ago. Peeler v. Peeler, 7 N.C. App.

456, 172 S.E.2d 915 (1970), overruled by Stephenson v. Stephenson, 55 N.C. App. 250,

285 S.E.2d 281 (1981). Stephenson overruled Peeler and other prior decisions

recognizing a right of immediate appeal from awards pendente lite and held that these

orders and awards were interlocutory decrees that “necessarily do not affect a

substantial right from which lies an immediate appeal pursuant to [N.C. Gen. Stat.

§] 7A-27(d).” Stephenson, 55 N.C. App. at 252, 285 S.E.2d at 282.

 Ordinarily, conclusory statements and “bare assertions” such as this are

insufficient to confer appellate jurisdiction. See, e.g., Hoke Cty. Bd. of Educ. v. State,

198 N.C. App. 274, 277-78, 679 S.E.2d 512, 516 (2009) (“The appellants must present

more than a bare assertion that the order affects a substantial right; they must

demonstrate why the order affects a substantial right.”).

 Presumably in response to defendant’s brief, which cited Stephenson and

argued this Court was without jurisdiction to hear this appeal, plaintiff used his reply

brief to take another bite at the apple and attempt to demonstrate how the order

affects a substantial right. The reply brief contends that the “present order is

nonetheless appealable . . . [because] it requires the payment of a considerable sum

of money in a very short span of time.” However, since the appellee typically has no

 2
 BEASLEY V. BEASLEY

 MURPHY, J., dissenting.

opportunity to respond to the reply brief, it is not the proper place for an appellant to

make completely new arguments.

 Procedural issues notwithstanding, the jurisdictional argument contained in

plaintiff’s reply brief is still insufficient to demonstrate that the award of attorney

fees in this case affects a substantial right of plaintiff’s. Our jurisdictional inquiry is

limited to the traditional “two-part test of the appealability of interlocutory orders

under the ‘substantial right’ exception provided in [N.C. Gen. Stat. §] 1-277(a) and

[N.C. Gen. Stat. §] 7A-27(d)(1).” J & B Slurry Seal Co. v. Mid-South Aviation, Inc.,

88 N.C. App. 1, 5, 362 S.E.2d 812, 815 (1987). “First, the right itself must be

‘substantial.’” Id. Second, the appellant must demonstrate “that the right [will] be

lost or prejudiced if not immediately appealed.” Id. at 6, 362 S.E.2d at 816.

 We have recognized that an interlocutory order may affect a substantial right

when a party is required to “make immediate payment of a significant amount of

money.” See, e.g., Estate of Redden v. Redden, 179 N.C. App. 113, 117, 632 S.E.2d

794, 798 (2006) (concluding that an order for partial summary judgement requiring

the defendant to pay the sum of $150,000.00 and costs affected a substantial right).

However, the mere fact that plaintiff here would have to expend thousands of dollars

to comply with the terms of this order does not alone satisfy his burden to show how

the right affected is “substantial.” Since our substantial right precedent requires a

“case by case” analysis, Stafford v. Stafford, 133 N.C. App. 163, 165, 515 S.E.2d 43,

 3
 BEASLEY V. BEASLEY

 MURPHY, J., dissenting.

45 (1999), where an appellant argues that an interlocutory order affects a substantial

right because that order requires him to pay a certain sum of money, we cannot

properly assess the merits of that argument without some explanation as to why the

sum owed is significant in light of the financial resources and constraints of the

appellant. The amount at issue here–$48,188.15–may be the annual earnings for one

litigant, or the monthly salary for another.

 More importantly, the appellant seeking review must also show why “the right

[will] be lost or prejudiced if not immediately appealed.” J & B Slurry Seal Co., 88

N.C. App. at 6, 362 S.E.2d at 816. In Hanna v. Wright, the defendant appealed an

interlocutory order which allowed the plaintiff to repossess a piece of heavy

equipment, a “track loader.” Hanna v. Wright, ____ N.C. App. ____, ____, 800 S.E.2d

475, 476 (2017). The defendant alleged that the loss of the track loader would

irreparably prejudice him and, thus, affected a substantial right. However, the

defendant did not allege how the loss of the track loader would cause such prejudice.

Id. Nor did the defendant “argue that losing possession of the [t]rack [l]oader would

prevent [the defendant] from practicing his livelihood as a whole.” Id. We held that

the defendant’s argument “does not evince sufficient grounds for an interlocutory

appeal.” Id.

 Here, plaintiff failed to explain how the payment of $48,188.15 particularly

affects him in light of his financial resources. He has also failed to explain why he

 4
 BEASLEY V. BEASLEY

 MURPHY, J., dissenting.

would be “irremediably adversely affected” if the order for attorney fees is not

immediately reviewed by this court. See McConnell, 151 N.C. App. at 625, 566 S.E.2d

at 804. Plaintiff merely asserts that the order requires the payment of a considerable

sum of money in a very short span of time. The Majority relies on this undeveloped

argument and finds additional support for it by adopting an overly broad

interpretation of Case v. Case, 73 N.C. App. 76, 325 S.E.2d 661 (1985). In Case, we

held that the granting of plaintiff’s motion for partial summary judgment affected his

substantial right because the order concluded that a separation agreement was valid

and thus posed a bar to defendant’s counterclaim for equitable distribution. Id. at

82, 325 S.E.2d at 665. I agree that the Case opinion does state and stand for the

general proposition that “[i]t has been held that an order which completely disposes

of one of several issues in a lawsuit affects a substantial right.” Id. at 78, 325 S.E.2d

at 663. However, the Majority goes too far in its reliance on Case by concluding that

this order for attorney fees “completely disposes of one of several issues in a lawsuit”

and “arguably affects a substantial right.” Case does not control here, because this

interlocutory order is for attorney fees, and the one in Case was a summary judgment

order containing a legal conclusion that would absolutely bar a “substantive”

counterclaim.2 Plaintiff has not made the necessary showing that error, if any, cannot

 2 The Majority opinion recognizes that attorney fees are a “non-substantive issue” and not a
“substantive claim.”

 5
 BEASLEY V. BEASLEY

 MURPHY, J., dissenting.

be corrected through the course of a timely appeal. We do not have jurisdiction to

hear this premature appeal.

 I also have great concern with the Majority’s conclusion that N.C. Gen. Stat. §

50-19.1 is applicable to the instant appeal. First, this is not an argument advanced

by plaintiff, and our inquiry should stop there. Second, the statute is not applicable

because the present appeal is not from a final order adjudicating a claim for child

custody, child support, alimony, or equitable distribution. This case is an appeal from

an interlocutory order for attorney fees, a subject left unaddressed by the authors of

N.C. Gen. Stat. § 50-19.1, and the statute has no direct application to the resolution

of this appeal. Third, “[i]t is not the role of this Court . . . to flush out incomplete

arguments[,]” Estate of Hurst v. Jones, 230 N.C. App. 162, 178, 750 S.E.2d 14, 25

(2013), and it is “not the duty of this Court to construct arguments for or find support

for appellant’s right to appeal.” Slaughter v. Swicegood, 162 N.C. App. 457, 463, 591

S.E.2d 577, 581 (2004) (alterations and citations omitted).

 Furthermore, our law governing interlocutory appeals seeks to discourage

“piecemeal litigation.” Whiteco Indus., Inc. v. Harrelson, 111 N.C. App. 815, 818, 434

S.E.2d 229, 232 (1993). “[J]udicial economy favors the hearing of petitioner’s motion

for attorney’s fees only after the judgment has become final, thereby avoiding

piecemeal litigation of the issue.” Id. Further, interlocutory appeals are disfavored

in order to “prevent fragmentary, premature and unnecessary appeals by permitting

 6
 BEASLEY V. BEASLEY

 MURPHY, J., dissenting.

the trial divisions to [resolve] a case fully and finally before it is presented to the

appellate division.” Waters v. Qualified Personnel, Inc., 294 N.C. 200, 207, 240 S.E.2d

338, 343 (1978). There are two substantive claims still outstanding in the present

action, one for alimony and another for equitable distribution, and attorney fees could

still be awarded for those claims. See N.C. Gen. Stat. §§ 50-16.4 (permitting recovery

of counsel fees in actions for alimony) and 50-21(e)(1) (permitting award of attorney

fees as sanction against party in equitable distribution action who has “willfully

obstructed or unreasonably delayed or attempted to obstruct or unreasonably delay

any pending equitable distribution proceeding”). Since these claims are yet to be

resolved, it is plausible that plaintiff may file another appeal in the coming months

challenging those resolutions and/or another order for attorney fees arising out of the

same civil action.

 Plaintiff’s opening brief failed to sufficiently state the grounds for appellate

review over this interlocutory order, and we should not consider arguments advanced

for the first time in a reply brief. However, even if it were proper to reach plaintiff’s

jurisdictional argument, I believe that he has failed to demonstrate that the

interlocutory order for attorney fees affects a substantial right in this case and/or

satisfies N.C. Gen. Stat. § 50-19.1. I respectfully dissent.

 7
BEASLEY V. BEASLEY

MURPHY, J., dissenting.

 8